STATE OF NORTH CAROLINA v. DAVID OTTIS MERCER

No. 8616SC766

(Filed 17 March 1987)

**1. Criminal Law § 23.2— guilty plea—concurrent sentence promised as inducement—plea not voluntary**

The evidence and findings of fact did not support the trial court's conclusion that defendant's guilty plea was voluntarily and intelligently entered where defendant alleged and produced competent evidence tending to show that his plea of guilty was induced by an unkept promise of the district attorney made through his attorney but not shown on the transcript of plea that, if he testified against his drug supplier, any sentence in the case would run concurrently with his previous sentence, the transcript of plea and the district attorney's testimony tended to support the State's contention that the plea arrangement did not exist, and the trial court failed to make any findings of fact assessing the credibility of defendant's evidence or resolving conflicts with the State's evidence.

**2. Criminal Law § 23.2— guilty plea in exchange for testimony against drug supplier — value of testimony improperly considered in ruling on motion for appropriate relief**

> Where defendant made a motion for appropriate relief on the ground that his guilty plea was induced by an unkept promise made by the district attorney's office through his attorney that he would not have to serve any additional time if he testified against his drug supplier and that a consecutive seven-year sentence did not conform to that plea agreement, to the extent that the trial court's denial of defendant's motion for appropriate relief resulted from the court's assessment of the defendant's assistance to law enforcement improperly measured by the "substantial assistance" standard of N.C.G.S. § 90-95(h), the order must be reversed and remanded.

ON writ of certiorari to review order entered by *E. Lynn Johnson, Judge.* Order entered 21 November 1985 in Superior Court, ROBESON County. Heard in the Court of Appeals 3 February 1987.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Daniel C. Oakley, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

BECTON, Judge.

I

Defendant, David Ottis Mercer, was indicted on 23 January 1984 for carrying a concealed weapon, possession of a firearm by a felon, two counts of trafficking in cocaine by possession with intent to sell and deliver, and two counts of trafficking in cocaine by selling and delivering. The four indictments involved occurrences on two separate days— 4 November and 12 December 1983. On 26 March 1984, the defendant pleaded guilty to the charges arising out of the 12 December events which included all charges except one count each of trafficking by possession and trafficking by sale. Pursuant to a plea arrangement, the defendant was given a consolidated sentence in case Nos. 83CRS19087, 19088, and 19090, consisting of seven years in prison and a $50,000 fine.

On 19 July 1984, the defendant pleaded guilty to the remaining charges in case No. 83CRS19089. Prayer for judgment was continued until no later than 15 December 1984, and on 6 December 1984, the defendant was sentenced in case No.

83CRS19089 to a $50,000 fine and seven years in prison to be served at the expiration of his other sentence.

On 17 May 1985, the defendant made a motion for appropriate relief in case No. 83CRS19089, on the grounds that his guilty plea in that case was induced by a promise made by the district attorney's office through his attorney that he would not have to serve any additional time if he testified against his supplier, and that the consecutive seven-year sentence did not conform to that plea agreement. Defendant's motion was denied. On writ of certiorari granted by this Court on 31 December 1985, defendant now contends that the trial court improperly denied the motion. We agree, and we reverse and remand.

## II

The record shows that the defendant's guilty plea in case No. 83CRS19089 was accepted by the trial court only after the defendant had been properly examined under oath and had signed a standard "transcript of plea" indicating, *inter alia*, that he had not agreed to plead guilty as a part of any plea arrangement or as a result of any promises or threats. The court then signed an order concluding that the plea was "the informed choice of the defendant and [was] made freely, voluntarily, and understandingly."

At the hearing on his motion for relief before Superior Court Judge E. Lynn Johnson, the defendant presented testimony from his former attorney, from the prosecutor involved in the plea discussions, and from the S.B.I. agent who investigated the case. Mr. Regan, counsel for defendant at the time the guilty plea was entered, testified in relevant part as follows. In March of 1984, after the first three cases were called for trial and jury selection began, plea negotiations began which resulted in the agreement whereby defendant withdrew his plea of not guilty, entered a plea of guilty, and received the initial seven-year consolidated sentence. An additional part of the plea bargain, not reflected in the plea transcript, was that the defendant would assist law enforcement officers in attempting to apprehend other persons involved in drug trafficking, including testifying against his supplier, and that service of his active sentence would be postponed for 60 days in order for him to render the agreed upon assistance. Mr. Regan further stated, in reference to case No. 83CRS19089, that

[t]here was an understanding, all at the same time, back in March of 1984, that depending on Mister Mercer's testimony, Mister Mercer's effort, that that case could as much as be dismissed or he could have a sentence imposed at a later time to run concurrently with the first one.

According to Regan, in July of 1984, there was further discussion regarding case No. 83CRS19089 during which Mr. Bowen, the Assistant District Attorney, indicated on behalf of his office that the defendant's supplier was to be indicted, that they would need the defendant's testimony against him, and that if the defendant testified truthfully, the sentence in that case would run concurrently with his previous sentence. Mr. Regan discussed the proposed agreement with the defendant and advised him to plead guilty based upon the representations by the district attorney's office that "he would be permitted to testify in the . . . case against his supplier and that would give him the green fence for no additional time, or either dismiss it." Furthermore, prayer for judgment was to be continued to give the defendant an opportunity to testify or otherwise assist law enforcement officers. The agreement was not shown on the plea transcript because it might prejudice the State's future case against the supplier. The defendant remained ready and willing to testify, but the district attorney decided not to prosecute the supplier.

The Assistant District Attorney, Mr. Bowen, testified that in March of 1984 there were discussions about defendant assisting law enforcement officers, but denied making any specific promises, stating that the district attorney's office had a firm policy not to give promises to induce a defendant to offer evidence or help law enforcement. Mr. Bussel, the S.B.I. agent on the case, testified that he was familiar with the district attorney's office's policy "that no promises specifically be made" in this situation. He further stated that the defendant never contacted him or gave him any information other than two statements and a list of possible targets, which information was of very little value.

After the hearing, Judge Johnson made findings of fact, and concluded that the defendant's plea in case No. 83CRS19089 was "voluntarily, knowingly, and intelligently given . . . and not the product of promises or other inducements," and that the defendant had not rendered "substantial assistance" so as to be relieved

from the mandatory sentencing provisions of N.C. Gen. Stat. Sec. 90-95(h) (1985).

### III

**[1]** The defendant first contends that the evidence and findings of fact do not support Judge Johnson's conclusion that the guilty plea was voluntarily and intelligently entered. We agree that the findings are insufficient.

A conviction on an involuntary guilty plea involves a violation of rights under the United States Constitution and thus, a defendant is entitled to collaterally attack a judgment entered on his guilty plea, on the grounds that the plea was not voluntarily and knowingly given. *Blackledge v. Allison*, 431 U.S. 63, 52 L.Ed. 2d 136 (1977); *State v. Loye*, 56 N.C. App. 501, 289 S.E. 2d 870 (1982). A guilty plea is not voluntary and intelligent unless it is "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him *by the court, prosecutor, or his own counsel . . .," Brady v. United States*, 397 U.S. 742, 755, 25 L.Ed. 2d 747, 760 (1970) (*quoting Shelton v. United States*, 246 F. 2d 101, 115 (5th Cir. 1957) (Tuttle, J., dissenting) ) (emphasis added); *Bryant v. Cherry*, 687 F. 2d 48, 49 (4th Cir. 1982), *cert. denied*, 459 U.S. 1073, 74 L.Ed. 2d 637, and is not "the product of such factors as misunderstanding, duress, or misrepresentation by others." *Blackledge* at 75, 52 L.Ed. 2d at 147-48.

The defendant has alleged, and produced competent evidence tending to show, that his plea of guilty was induced by a promise of the district attorney not shown on the transcript of plea, and was based on his understanding of information received from his attorney that if he testified against his supplier, any sentence in case No. 83CRS19089 would run concurrently with his previous sentence. On the other hand, the transcript of plea and the district attorney's testimony tend to support the State's contention that the alleged plea arrangement did not exist. The trial court failed to make any findings of fact assessing the credibility of, or resolving the conflicts in, this evidence and therefore we cannot determine the propriety of the conclusion regarding voluntariness. Consequently we must reverse and remand for further findings of fact regarding whether the alleged plea agreement existed, what the defendant was told by his attorney, and whether defendant relied on anything his attorney told him.

The sole finding of fact relating to the entry of the plea states:

6. That on July 19, 1984 the defendant appeared before the Honorable B. Craig Ellis and entered a plea of guilty to the charge of trafficking in cocaine contained in 83CRS19089 with no plea agreement appearing of record; that judgment was continued by Judge Ellis to a date not later than December 15, 1984.

We are not unmindful of cases of this Court which, in upholding guilty pleas as voluntary and intelligent, have appeared to give conclusive weight to evidence that a particular defendant signed a plea transcript and the judge made careful inquiry of the defendant regarding his plea. *See State v. Crain,* 73 N.C. App. 269, 326 S.E. 2d 120 (1985); *State v. Thompson,* 16 N.C. App. 62, 190 S.E. 2d 877, *cert. denied,* 282 N.C. 155, 191 S.E. 2d 604 (1972); *State v. Hunter,* 11 N.C. App. 573, 181 S.E. 2d 752, *aff'd,* 279 N.C. 489, 183 S.E. 2d 665 (1971), *cert. denied,* 405 U.S. 975, 31 L.Ed. 2d 249 (1972). However, although

the representations of the defendant, his lawyer, and the prosecutor at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings, . . . the barrier of the plea or sentencing proceeding record . . . is not invariably insurmountable.

*Blackledge* at 74, 52 L.Ed. 2d at 147.

We believe that the defendant's allegations in this case, if believed, would entitle him to relief and that the evidence presented raises issues of fact which may not be resolved solely on the basis of the written transcript of plea. If, in fact, the defendant's plea was induced by an actual unkept promise of the district attorney *or* resulted from misunderstanding due to misinformation from his attorney regarding the existence or terms of any such promise, then the defendant is entitled to have his guilty plea vacated as involuntary and proceed to trial on the charges against him.

IV

[2] Defendant further contends that Judge Johnson's findings of fact regarding whether the defendant rendered "substantial as-

sistance" to law enforcement officers are not supported by the evidence. In turn, counsel for the State argues (1) that the plea agreement alleged by the defendant would have been illegal because the defendant's only opportunity to mitigate his sentence was pursuant to the provisions of G.S. Sec. 90-95(h)(5) which allows the sentencing judge to impose a reduced sentence upon a finding that the defendant has rendered "substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals," and (2) that the evidence shows that the defendant did not, in fact, render "substantial assistance" so as to be entitled to relief under that statute from its otherwise mandatory sentencing provisions. Indeed, the trial court, in its findings of fact determined that "any relief for any 'substantial assistance' is a judicial determination and not within the province of the District Attorney's office."

However, the critical issue is not whether the alleged plea agreement was one which the prosecutor could legally enter or whether defendant rendered "substantial assistance," but whether the defendant was induced to plead by his belief that an agreement existed. Assuming without deciding that such an agreement was beyond the authority of the district attorney but the agreement was made, the defendant is entitled to withdraw his guilty plea as based on an improper inducement. If, on the other hand, the alleged agreement existed and *was* proper, the actual assistance rendered by the defendant must be measured by the terms of the agreement and not by the "substantial assistance" standard of G.S. Sec. 90-95(h). Of course, if no agreement was made, defendant may still be entitled to relief if he relied upon an assurance of his attorney regarding the consequences of the plea.

We conclude that to the extent the trial court's denial of defendant's motion for appropriate relief resulted from the court's assessment of the defendant's assistance to law enforcement improperly measured by the "substantial assistance" standard of G.S. Sec. 90-95(h), the order must be reversed and remanded.

V

Due to the inadequacies of the trial court's order discussed above, the order is reversed and this cause remanded to the trial court for entry of a new order supported by proper and sufficient

findings of fact and conclusions of law consistent with this opinion.

Reversed and remanded.

Judges JOHNSON and PHILLIPS concur.