STATE OF NORTH CAROLINA v. ROY LEE HARDISON, Defendant

No. COA96-652

(Filed 15 April 1997)

1. **Criminal Law § 962 (NCI4th Rev.)— motion for appropriate relief—attorney—conflict of interest—entitlement to evidentiary hearing**

The trial court erred in summarily denying defendant's motion for appropriate relief without conducting an evidentiary hearing to address the issues of fact surrounding counsel's alleged conflict of interest where defendant had indicated to the trial court that he was satisfied with his counsel's representation but defendant's counsel revealed the existence of a potential conflict of interest.

STATE v. HARDISON

[126 N.C. App. 52 (1997)]

**Am Jur 2d, Coram Nobis and Allied Statutory Remedies
§§ 48 et seq.**

**2. Criminal Law § 962 (NCI4th Rev.)— motion for appropriate
relief—guilty plea—inducement—entitlement to eviden-
tiary hearing**

In a prosecution for first-degree kidnapping and rape, the
trial court erred by dismissing defendant's motion for appropriate
relief without a hearing where defendant indicated that he did not
knowingly and voluntarily enter a guilty plea because he was
induced by his attorney, the prosecutor, an SBI agent, and a code-
fendant's attorney to enter the plea with promises that he would
receive a sentence of not more than twenty years and advice that
he would be sentenced to life in prison if he did not plead guilty.

**Am Jur 2d, Coram Nobis and Allied Statutory Remedies
§§ 48 et seq.**

Appeal by defendant from order entered 2 February 1995 by
Judge William C. Griffin, Jr. in Martin County Superior Court. Heard
in the Court of Appeals 24 February 1997.

*Attorney General Michael F. Easley, by Special Deputy Attorney
General George W. Boylan, for the State.*

*Dennis M. Kilcoyne for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Defendant Roy Lee Hardison was indicted on the charges of first
degree burglary and second degree kidnapping. During the 29 April
1992 criminal session of Martin County Superior Court, defendant
pled guilty to both charges and was sentenced to serve a term of life
plus twenty (20) years imprisonment.

On 9 September 1994, defendant filed a motion for appropriate
relief on the grounds that his attorney had a conflict of interest which
deprived him of effective assistance of counsel, and that his guilty
plea was invalid because it was not freely, voluntarily, and under-
standingly made. This motion came on for hearing before Judge
William C. Griffin, Jr. during the 16 January 1995 session of Martin
County Superior Court. On 2 February 1995, Judge Griffin entered an
order denying defendant's motion, without conducting an evidentiary
hearing. Defendant filed a petition for writ of certiorari with this
Court on 27 April 1995, and this petition was allowed.

**[1]** Defendant brings forth numerous arguments on appeal which question the propriety of the denial of his motion for appropriate relief. Ultimately, however, our attention is drawn to defendant's argument that the court below acted improperly in ruling on his motion for appropriate relief without holding an evidentiary hearing.

Section 15A-1411 of the North Carolina General Statutes provides that a defendant may seek relief from error committed in the trial division through a motion for appropriate relief. N.C. Gen. Stat. § 15A-1411 (1983). Further, subsection 15A-1420(c) of the General Statutes provides in pertinent part,

> (1) Any party is entitled to a hearing on questions of law or fact arising from the motion and any supporting or opposing information presented unless the court determines that the motion is without merit. The court must determine, on the basis of these materials and the requirements of this subsection, whether an evidentiary hearing is required to resolve questions of fact. . . .
>
> . . .
>
> (4) If the court cannot rule upon the motion without the hearing of evidence, it must conduct a hearing for the taking of evidence, and must make findings of fact. . . .

N.C. Gen. Stat. § 15A-1420(c) (Cum. Supp. 1996).

In the instant case, the court below made a determination that defendant's motion for appropriate relief was without merit, and failed to hold an evidentiary hearing. We, however, find this action to be in error. As discussed herein, defendant's motion for appropriate relief raised issues of fact with sufficient particularity to merit an evidentiary hearing. Therefore, we reverse the order of the court below, and remand this matter for an evidentiary hearing on the merits of the issues of counsel's alleged conflict of interest and the validity of defendant's plea agreement.

Our Supreme Court, in *State v. Bruton*, stated:

> A defendant in a criminal case has a constitutional right to effective assistance of counsel. The right to effective assistance of counsel includes the "right to representation that is free from conflicts of interest." In order to establish a violation of this right, "a defendant who raised no objection at trial must demonstrate

that an actual conflict of interest adversely affected his lawyer's performance."

344 N.C. 381, 391, 474 S.E.2d 336, 343 (1996) (citations omitted). In *Cuyler v. Sullivan*, 446 U.S. 335, 64 L. Ed. 2d 333 (1980), the United States Supreme Court noted, "[d]efense counsel have an ethical obligation to avoid conflicting representations" and to promptly inform the trial court when conflict arises, as they are most often in the position to recognize situations in which a conflict of interest may arise. *Id.* at 346, 64 L. Ed. 2d at 345.

As "[t]he nature of a claim of this sort is such that it will not appear on the face of the record[,]" *State v. James*, 111 N.C. App. 785, 790, 433 S.E.2d 755, 758(citing *State v. Wise*, 64 N.C. App. 108, 306 S.E.2d 569 (1983)), the mere possibility of conflict raised before the conclusion of trial, mandates that the trial court conduct a hearing " 'to determine whether there exists such a conflict of interest that the defendant will be prevented from receiving advice and assistance sufficient to afford him the quality of representation guaranteed by the [S]ixth [A]mendment.' " *Id.* at 791, 433 S.E.2d at 758 (quoting *United States v. Cataldo*, 625 F. Supp. 1255, 1257 (S.D.N.Y. 1985)). "[T]he trial judge should see that the defendant is fully advised of the facts underlying the potential conflict and is given the opportunity to express his or her views." *United States v. Alberti*, 470 F.2d 878, 882 (2d Cir. 1972), *quoted in James*, 111 N.C. App. at 791, 433 S.E.2d at 759, *cert. denied*, 411 U.S. 919, 36 L. Ed. 2d 311 (1973) *and cert. denied sub nom. Depompeis v. U.S.*, 411 U.S. 965, 36 L. Ed. 2d 685 (1973). Whether an impermissible conflict of interest or ineffective assistance of counsel is present must be determined from an ad hoc analysis, reviewing the circumstances as a whole. *State v. Sneed*, 284 N.C. 606, 613, 201 S.E.2d 867, 872 (1974).

In the instant case, defendant was indeed questioned by the trial court regarding his satisfaction with counsel's representation; to which he replied affirmatively. Thereafter, however, counsel revealed:

This is sort of an awkward position for me in view of the fact that I'm pitch hitting for my friend Bob Cowan and the fact because I have been personal friends with Mr. and Mrs. Barnhill for probably fifty years, at least that long.

The record is silent as to the trial court further questioning counsel or defendant about the alleged conflict. In addition, there is no evidence in the record to indicate that the trial court advised defendant of fur-

ther facts underlying the conflict and gave him an opportunity to express his views on the subject.

Once called to the trial court's attention, the court had a duty to further inquire into the prejudicial nature of the alleged conflict of interest. *See James*, 111 N.C. App. 785, 433 S.E.2d 755. It is only through this procedure that we can be sure that defendant's Sixth Amendment right to conflict-free representation was not violated. *See id.* As the record is devoid of any further inquiry into the alleged conflict of interest at trial level, we hold that the court below erred in summarily entering its order denying defendant's motion for appropriate relief, without conducting an evidentiary hearing to address the issues of fact surrounding counsel's alleged conflict of interest.

[2] We find similarly, in regards to the issue of the validity of defendant's plea agreement. In *State v. Mercer*, 84 N.C. App. 623, 353 S.E.2d 682 (1987), this Court stated the following in reference to guilty pleas:

> A conviction on an involuntary guilty plea involves a violation of rights under the United States Constitution and thus, a defendant is entitled to collaterally attack a judgment entered on his guilty plea, on the grounds that the plea was not voluntarily and knowingly given. A guilty plea is not voluntary and intelligent unless it is "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel . . .," and is not "the product of such factors as misunderstanding, duress, or misrepresentation by others."

*Id.* at 627, 353 S.E.2d at 684-85 (citations omitted and emphasis omitted). In *Mercer*, the defendant was convicted of trafficking in cocaine by possession and trafficking in cocaine by sale, after entering a guilty plea. The guilty plea was accepted by the trial court after the defendant had been extensively examined under oath and had signed a standard transcript of plea, wherein he indicated that he had not agreed to plead guilty as a part of any plea arrangement or as a result of any promises or threats. An order was then signed, with the conclusion that the plea was " 'the informed choice of the defendant and [was] made freely, voluntarily, and understandingly.' " *Id.* at 625, 353 S.E.2d at 683. The defendant subsequently filed a motion for appropriate relief on the grounds that his guilty plea had been induced by a plea agreement and that his sentence did not conform with that agreement. This motion was denied and defendant petitioned for writ of

STATE v. HARDISON

[126 N.C. App. 52 (1997)]

certiorari. This Court, reversing and remanding the matter to the trial court, held that (1) defendant was entitled to further findings of fact regarding the voluntariness of his plea; (2) even if the alleged plea agreement was beyond the authority of the district attorney, defendant would be entitled to withdraw his plea as based on improper inducement; (3) if the alleged agreement existed and was proper, actual assistance rendered by defendant had to be measured by terms of the agreement and not by the "substantial assistance" standard; and (4) even if no agreement were made, defendant could still be entitled to relief if he relied upon the assurances of his attorney regarding the consequences of the plea.

The facts in the instant case are strikingly similar to those of *Mercer*. Herein, defendant was convicted after entering a guilty plea, had signed a standard transcript of plea, and was thoroughly questioned by the trial court with respect to whether the plea was the product of defendant's informed choice. As in *Mercer*, defendant indicated that he had not agreed to plead guilty as a part of any plea arrangement or as a result of any promises or threats, and the court entered an order finding that the plea was entered knowingly and voluntarily. In this case, however, defendant was not granted a hearing on his motion for appropriate relief, and the court summarily concluded that the silence of the transcript of plea regarding any secret plea arrangement was dispositive and that defendant's plea was "freely, voluntarily, and understandingly made." We cannot agree.

If the allegations of defendant's motion for appropriate relief were believed, defendant was induced by his attorney, the prosecutor (who met with defendant without counsel being present and assured him of a maximum twenty-year sentence), an SBI agent, and a co-defendant's attorney to enter guilty pleas to the charges with promises that he would not be sentenced to more than twenty (20) years imprisonment. In fact, defendant alleges that his attorney advised him that he would be sentenced to life in prison if he did not plead guilty.

The court below, however, treated these very serious allegations in a cursory manner. The court failed to conduct a hearing so that defendant would have an opportunity to produce evidence to substantiate his allegations that a private plea arrangement existed, where the facts disclosed in defendant's motion for appropriate relief reveal issues of fact which could not be resolved solely on the basis of the face of defendant's transcript of plea. Accordingly, we hold that

defendant is entitled to an evidentiary hearing on the issue of the validity of the subject plea agreement also.

In light of the foregoing, we reverse the order of the court below, and remand this matter for an evidentiary hearing regarding defendant's motion for appropriate relief.

Reversed and remanded.

Chief Judge ARNOLD and Judge MARTIN, JOHN C. concur.