STATE OF NORTH CAROLINA v. MELINDA ANN WILKINS

No. COA97-1296

(Filed 20 October 1998)

1. **Criminal Law— guilty plea—informed decision—no plea agreement**

    At a hearing on a motion for appropriate relief following defendant's guilty plea, there was competent evidence to support the trial court's finding that defendant knew she did not have a plea agreement with the State. The trial court examined defendant as required by N.C.G.S. § 15A-1022 before accepting her guilty plea and defendant then signed a plea transcript which detailed the charge to which she was pleading guilty but contained no plea agreement.

2. **Criminal Law— guilty plea—informed and voluntary choice**

    At a hearing on a motion for appropriate relief following defendant's guilty plea, there was adequate evidence to support the court's conclusion that defendant had made an informed choice and entered her plea freely, voluntarily, and with an un-

derstanding of the consequences where the judge had questioned defendant ·concerning her plea before she signed the plea transcript.

### 3. Constitutional Law— effective assistance of counsel— guilty plea

At a hearing on a motion for appropriate relief following defendant's guilty plea, there was ample evidence to support the trial court's findings and conclusion that defendant was represented by competent counsel who was not ineffective in representing defendant.

Appeal by defendant from an order signed *nunc pro tunc* 9 January 1997 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 19 August 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Diane G. Miller, for the State.*

*Jay H. Ferguson for defendant-appellant.*

WALKER, Judge.

On 27 November 1995, defendant was indicted for the offense of felony child abuse under N.C. Gen. Stat. § 14-318.4. She was charged with severely and permanently injuring her nineteen-month-old daughter. Defendant was initially represented by Rick Foster of the Public Defender's Office who discussed a plea bargain with her, but she was not interested. After Foster left the Public Defender's Office, defendant's case was assigned to Gregory L. Hughes of that office who also discussed a plea offer with her. According to defendant, Hughes told her that the State offered her a "split sentence" of four to six months' active with work release followed by six months' probation. However, Hughes testified that the only plea offer he ever discussed with defendant was an active sentence for a minimum of twenty months and that she refused this plea offer contending she was innocent of the charge. On 16 September 1996, defendant signed a written rejection of this plea offer and was arraigned on the charge of felony child abuse to which she entered a plea of not guilty.

On 7 November 1996, defendant participated in a mock jury trial in the Public Defender's Office. After the mock trial, Public Defender Robert Brown advised defendant that he believed she would be found

guilty at trial and receive the maximum sentence. At this time, Hughes also told defendant that, based on discussions at the status conference prior to arraignment, he believed Judge Hudson would be inclined to give her a split sentence involving some imprisonment and probation if she pled guilty.

Thereafter, defendant discussed her options with her employers, Jeffrey L. Scott and Susan A. Gaylord, telling them that she was offered a plea bargain of four to six months in jail. On 8 November 1996, according to Hughes, defendant told him that she decided to plead guilty. He went over the transcript of plea with defendant reviewing the questions and her answers to each question. He explained there was no plea bargain and each side would be free to argue what sentence she might receive. Hughes further testified that he advised defendant that she could receive an active sentence of thirty-one to forty-seven months.

After entering her plea of guilty, Judge Hudson advised defendant that he was going to ask her some questions and added, "If I ask you a question and you don't understand what I am asking you or you don't know how to answer, talk it over with your lawyer before you answer." Judge Hudson then proceeded to ask her the series of questions in the transcript of plea. She responded that she understood she was pleading guilty to felony child abuse and that she was satisfied with her lawyer's legal services. When asked if she had "any kind of plea bargain, plea arrangement, some kind of deal with the State," she answered that she did not. After defendant and her attorney signed the plea transcript, Judge Hudson accepted the plea and continued prayer for judgment until 11 November 1996.

At the sentencing hearing, the State presented evidence from Dr. Laura Gupman, a pediatrician with expertise in the area of child abuse and Director of the Child Protection Team, Department of Pediatrics at Duke University Medical Center. Based on her examination of the child at Duke University Hospital the day after she was admitted, Dr. Gupman determined that defendant's daughter was a victim of battered child syndrome. Following the presentation of the evidence, Judge Hudson sentenced defendant to an active sentence of thirty-one to forty-seven months.

On 22 November 1996, defendant filed a motion for appropriate relief. A hearing on the motion was held on 9 December 1996, at which time Judge Hudson heard testimony from defendant and her employers as well as from Hughes and Brown. In an order dated 9

January 1997, Judge Hudson denied the motion finding that neither Hughes nor Brown had advised defendant on 7 or 8 November 1996 that any plea offer was available, that defendant did not have a plea agreement, and that she knew she did not have a plea agreement with the State.

Judge Hudson concluded that defendant entered her guilty plea freely and voluntarily, that she understood the consequences of a guilty plea, that she was represented by competent counsel, and that defendant's rights were not violated before or during her entry of a guilty plea.

[1] On appeal, defendant contends the record lacks evidence to support the trial court's finding that defendant knew she did not have a plea agreement with the State when she entered her guilty plea. Defendant further contends the trial court erred in concluding that her guilty plea was an informed choice entered into voluntarily because she was misinformed of the consequences of her plea and denied the effective assistance of counsel.

When a trial court's findings on a motion for appropriate relief are reviewed, these findings are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion. *State v. Pait*, 81 N.C. App. 286, 288-289, 343 S.E.2d 573, 575 (1986). However, the trial court's conclusions are fully reviewable on appeal. *State v. Stevens*, 305 N.C. 712, 720, 291 S.E.2d 585, 591 (1982).

In support of her argument, defendant points to *State v. Mercer*, 84 N.C. App. 623, 353 S.E.2d 682 (1987), in which this Court reversed a denial of a motion for appropriate relief and remanded for further findings. However, *Mercer* is distinguishable from the case at hand. *Mercer* concerned the voluntariness of a plea where the defendant contended promises were made to him by the district attorney in exchange for information, but where the plea transcript did not contain this agreement. *Id.*

In *State v. Crain*, 73 N.C. App. 269, 271-272, 326 S.E.2d 120, 122 (1985), the defendant plead guilty to two counts of armed robbery and one count of common law robbery. He signed a plea transcript which stated he could be imprisoned for a minimum of fourteen years and a maximum of ninety years. *Id.* at 269-270, 326 S.E.2d at 121. Prior to accepting the defendant's guilty plea, he was examined by the trial court pursuant to N.C. Gen. Stat. § 15A-1022 concerning his

guilty plea and the sentence he could receive. *Id.* Despite the fact that the defendant's evidence tended to show that his attorney informed him that he would only receive a seven-year sentence, this Court held the evidence from the plea transcript, the trial court's questions to defendant, and the testimony of defendant's attorney were sufficient to support the trial court's finding that the defendant was properly and adequately informed of the consequences of his plea and that he entered the plea agreement both knowingly and voluntarily. *Id.* at 271-272, 326 S.E.2d at 122.

As in *Crain*, here the trial court examined defendant as required by N.C. Gen. Stat. § 15A-1022 before accepting her guilty plea. Defendant then signed a plea transcript which detailed the charge to which she was pleading guilty but contained no plea agreement. This was competent evidence to support the trial court's finding that defendant knew she did not have a plea agreement with the State.

[2] Next, defendant contends that her guilty plea was not an informed choice entered into voluntarily. Defendant asserts that representations were made to her by her counsel which led her to believe that she would receive a sentence of no more than six months in prison, and that she was mistakenly under the impression that she could be sentenced to as much as ninety-eight months in prison if she went to trial. A guilty plea must be made knowingly and voluntarily and the record must affirmatively show it on its face. *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274 (1969); *In the Matter of Chavis*, 31 N.C. App. 579, 230 S.E.2d 198 (1976), *disc. review denied*, 291 N.C. 711, 232 S.E.2d 203 (1977). A plea is voluntary and knowing if it is made by someone fully aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755, 25 L. Ed. 2d 747, 760 (1970); *Mercer*, 84 N.C. App. at 627, 353 S.E.2d at 684.

In cases where there is evidence that a defendant signs a plea transcript and the trial court makes a careful inquiry of the defendant regarding the plea, this has been held to be sufficient to demonstrate that the plea was entered into freely, understandingly, and voluntarily. *State v. Thompson*, 16 N.C. App. 62, 63, 190 S.E.2d 877, 878, *cert. denied*, 287 N.C. 155, 191 S.E.2d 604 (1972).

Here the evidence shows that Judge Hudson questioned defendant concerning her plea before she signed the plea transcript. By signing the plea transcript she made an informed decision to do so freely and voluntarily. Thus, there was adequate evidence to support Judge Hudson's conclusion that defendant made an informed choice and

entered her plea freely, voluntarily, and understanding the consequences of her guilty plea.

[3] Finally, defendant contends that she was denied effective assistance of counsel and had she received effective assistance, she would have insisted on a trial.

In order to receive a new trial based on ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) his deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688, 80 L. Ed. 2d 674, 693, *rehearing denied*, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984). The errors made by counsel must be so serious that the defendant is deprived of a fair trial. *Id.* The assistance rendered by counsel must fall below an objective standard of reasonableness for it to be ineffective. *Id.*; *State v. Braswell*, 312 N.C. 553, 561-562, 324 S.E.2d 241, 247-248 (1985). There is a strong presumption that counsel's assistance falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694-695.

There is evidence in the record which permitted the trial court to find that defendant was represented by Foster and then by Hughes of the Public Defender's Office, that Hughes met with defendant on several occasions and discussed a plea offer of a twenty-month active sentence which she rejected, and that the Public Defender's Office conducted a mock trial after which the jurors concluded that defendant was either "guilty" or "negligent." Thereafter, defendant decided to plead guilty and Hughes prepared a transcript of plea, went over each question, and wrote down her answers. He advised her that she could receive an active sentence of thirty-one to forty-seven months. Defendant responded that she was satisfied with her lawyer's services when questioned. Therefore, there is ample evidence to support the trial court's findings and conclusion that defendant was "represented by competent counsel and Hughes was not ineffective in his representation" of her.

The trial court's denial of defendant's motion for appropriate relief is

Affirmed.

Judges LEWIS and MARTIN, John C., concur.