STATE OF NORTH CAROLINA v. TROY WILLIAM CHIVERS

No. COA06-134

(Filed 21 November 2006)

## 1. Sentencing— prior record level—calculation

The trial court did not err in a resisting a law enforcement officer, eluding arrest, failure to stop at a stop sign, and attaining the status of an habitual felon case by sentencing defendant as a prior level IV offender, because: (1) although defendant failed to object during defendant's sentencing phase as required by N.C. R. App. P. 10(b)(1), an error at sentencing is not considered an error at trial for the purpose of Rule 10(b)(1); (2) the State sufficiently proved by certified copies of court records or by defendant's admissions three Class H felonies in convictions 90 CRS 004796, 92 CRS 061415, and 98 CRS 11637, plus three Class A1 or Class 1 misdemeanors for convictions 89 CR 002999, 98 CR 010899, and

97 CR 064306; (3) although the trial court incorrectly attributed to defendant five instead of three misdemeanor points, the number of defendant's points admitted or proven total nine which is a prior record level of IV; and (4) defendant was not prejudiced by the trial court's failure to properly calculate defendant's prior record level when defendant was correctly sentenced as a prior record level IV offender.

**2. Constitutional Law— effective assistance of counsel—conflict of interest**

The trial court did not err by denying defense counsel's motion to withdraw based upon an asserted conflict of interest, because defendant failed to argue at trial or on appeal, and the record failed to show, that the trial court's denial of the motion resulted in ineffective assistance of counsel.

Appeal by defendant from judgment entered 29 April 2005 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 30 October 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Amanda P. Little, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.*

TYSON, Judge.

Troy William Chivers ("defendant") appeals from judgments entered after a jury found him to be guilty of resisting a law enforcement officer, eluding arrest, failure to stop at a stop sign, and attaining the status of an habitual felon. We find no prejudicial error.

## I. Background

The State's evidence tended to show on 28 October 2004, North Carolina State Highway Patrol Trooper Zeb Stroup ("Trooper Stroup") sat inside his stationary patrol vehicle while he investigated vehicles for registration violations and observed seatbelt compliance. Trooper Stroup observed a gray minivan driven by defendant, checked the license plate displayed, and discovered the required liability insurance coverage had lapsed. When defendant stopped his vehicle at a red light, Trooper Stroup drove his vehicle behind defendant's vehicle. After defendant turned right at the light, Trooper Stroup followed and activated his blue lights. Defendant failed to stop his

vehicle. While Trooper Stroup pursued defendant's vehicle through a lightly traveled residential area, he observed defendant remove his seatbelt, run a stop sign, travel left of center, and reach the speed of forty miles per hour. During the pursuit, the vehicles reached a maximum speed of eighty-five miles per hour.

Defendant drove his vehicle onto a gravel road and exited his vehicle. Defendant ran and Trooper Stroup followed on foot. After traveling approximately 100 yards, Trooper Stroup overtook defendant, wrestled him to the ground, and subdued him.

Defendant apologized to Trooper Stroup and stated he had fled because "he was afraid [Trooper Stroup would] take him to jail for his [revoked driver's] license." Trooper Stroup testified the entire chase, both in the vehicles and on foot, took about three minutes.

On 7 February 2005, a grand jury indicted defendant for: (1) driving left of center; (2) reckless driving to endanger; (3) driving while license revoked; (4) no liability insurance; (5) speeding; (6) resisting a public officer; (7) fleeing or eluding arrest; (8) failure to wear a seatbelt; and (9) failure to stop at a stop sign. The grand jury also indicted defendant as an habitual felon based upon allegations he had previously been convicted of: (1) breaking and entering on 6 February 1992; (2) breaking and entering on 13 January 1993; and (3) breaking and entering a motor vehicle on 5 January 1999.

Defendant testified and admitted to virtually all the evidence presented except the speed of the vehicles. Defendant also called two witnesses who testified his minivan probably could not attain a speed of eighty-five miles per hour. The jury found defendant guilty of: (1) reckless driving; (2) driving while license revoked; (3) resisting a law enforcement officer; (4) exceeding the legal speed limit; (5) eluding arrest; and (6) failure to stop at stop sign.

Defendant's trial for attaining the status of an habitual felon followed. The jury found defendant guilty of attaining the status of an habitual felon. The trial court arrested judgment on defendant's convictions for: (1) driving while license revoked; (2) speeding; and (3) reckless driving. The trial court consolidated the charges and sentenced defendant to an active term of 133 months minimum and 169 months maximum. Defendant appeals.

## II. Issues

Defendant argues the trial court erred by: (1) sentencing him as a prior record level IV offender and asserts the State failed to prove his

prior record points and convictions and (2) denying defense counsel's motion to withdraw based upon a conflict of interest.

### III. Defendant's Sentence

[1] Defendant argues he is entitled to a new sentencing hearing because the trial court erred in sentencing him as a prior record level IV offender. Defendant asserts the State failed to prove his convictions and prior record points equal level IV. We disagree.

### A. Standard of Review

"When a defendant assigns error to the sentence imposed by the trial court our standard of review is whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing." *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997).

### B. Motion to Dismiss

The State argues that defendant failed to preserve this issue for review because he failed to object during the defendant's sentencing phase as required by Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure. Our Supreme Court has held that an error at sentencing is not considered an error at trial for the purpose of Appellate Rule 10(b)(1). *State v. Canady*, 330 N.C. 398, 402, 410 S.E.2d 875, 878 (1991). The State's argument is dismissed. *Id.*

### C. Proving Prior Convictions

Defendant's prior convictions may be proven in one of four ways:

(1) Stipulation of the parties[;] (2) An original or copy of the court record of the prior conviction[;] (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts[;] [or] (4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f) (2005).

The burden rests on the State to prove a prior conviction exists and that the individual before the court is the same person named in the prior conviction by a preponderance of the evidence. *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002). The State fails to satisfy its burden of proving defendant's prior record level by merely submitting a prior record level worksheet to the trial court. *State v. Miller*, 159 N.C. App. 608, 614-15, 583 S.E.2d 620, 624 (2003),

*aff'd per curiam*, 358 N.C. 133, 591 S.E.2d 520 (2004); *see State v. Jeffrey*, 167 N.C. App. 575, 580, 605 S.E.2d 672, 675 (2004) (the State failed to prove the defendant's prior record level by only submitting the prior record level worksheet listing the defendant's purported convictions). An otherwise unsupported worksheet tendered by the State establishing a defendant's prior record level is not even sufficient to meet the catchall provision found in N.C. Gen. Stat. § 15A-1340.14(f)(4), even if uncontested by a defendant. *State v. Riley*, 159 N.C. App. 546, 556-57, 583 S.E.2d 379, 387 (2003).

The State offered a prior record level worksheet into evidence during the sentencing phase of defendant's trial. The worksheet contained the following offenses: (1) 90 CRS 004796—three counts of felony breaking and entering and larceny, one count of forgery/attempting uttering; (2) 92 CRS 061415—one count of felony breaking and entering and larceny; (3) 93 CR 062241—two counts of misrepresentation to obtain employment security benefits, two counts of misrepresentation to prevent employment security benefits; (4) 97 CR 064306—one count of possession of drug paraphernalia; (5) 98 CR 010899—one count of misdemeanor possession of stolen goods; (6) 98 CRS 11637—one count of felony larceny after breaking and entering, one count of breaking and entering a motor vehicle, three counts of felony possession of stolen goods, and two counts of breaking and entering and larceny; (7) 89 CR 002999—one count of possession of drug paraphernalia; and (8) one count of misdemeanor larceny in Michigan on 24 March 1987. The prosecutor asserted these prior convictions equal eleven points, and defendant should be sentenced as a prior record level IV offender.

At defendant's sentencing hearing, the following colloquy ensued:

State: Judge, I have removed the convictions that were used for the purpose of habitual felon. However, on those days there were multiple convictions, so the points for what he was convicted on those days still makes him a Record Level 4. Does defendant stipulate to what I'm handing up to his Honor, the contents of the gold sheet showing eleven points, making him a Record Level 4?

Defense Counsel: I don't believe he can stipulate to that.

. . . .

Court: Do you have any evidence to offer that's contrary to that?

Defense Counsel: No, we don't.

Court: Then excluding the specific felonies for which he was found guilty of and used as an underlying support for elevating this felony to the level of being an habitual felon, the Court finds and concludes that the defendant is a Record Level 4 for sentencing purposes.

Defendant did not stipulate at sentencing to the prior record level worksheet the State tendered. In addition to tendering the worksheet, the State presented certified copies of the following court records: (1) 90 CRS 004796—three counts of felony breaking and entering and larceny, one count of forgery/attempting uttering; (2) 92 CRS 061415—one count of felony breaking and entering and larceny; and (3) 98 CRS 11637—one count of felony larceny after breaking and entering and one count of breaking and entering a motor vehicle. Defendant admitted the following convictions: (1) 89 CR 002999—one count of possession of drug paraphernalia; (2) 98 CR 010899—one count of misdemeanor possession of stolen goods; and (3) 97 CR 064306—one count of possession of drug paraphernalia.

Excluding the three convictions alleged in defendant's habitual felon indictment, the State proved, either by defendant's admissions or by certified copies of court records, the following convictions: (1) 90 CRS 004796—two counts of felony breaking and entering and three counts of larceny, one count of forgery/attempting uttering; (2) 92 CRS 061415—one count of larceny; (3) 98 CRS 11637—one count of felony larceny after breaking and entering; (4) 89 CR 002999—one count of possession of drug paraphernalia; (5) 98 CR 010899—one count of misdemeanor possession of stolen goods; and (6) 97 CR 064306—one count of possession of drug paraphernalia.

Under N.C. Gen. Stat. § 15A-1340.14(d), "[f]or purposes of determining the prior record level, if an offender is convicted of more than one offense in a single superior court during one calendar week, only the conviction for the offense with the highest point total is used." The State sufficiently proved three Class H felonies in convictions 90 CRS 004796, 92 CRS 061415, and 98 CRS 11637. The State also proved three Class A1 or Class 1 misdemeanors for convictions 89 CR 002999, 98 CR 010899, and 97 CR 064306.

The trial court incorrectly attributed to defendant five instead of three misdemeanor points. The number of defendant's points admitted or proven total nine. Nine points show defendant accumulated a prior record level of IV. N.C. Gen. Stat. § 15A-1340.14(c) (the prior

record level for felony sentencing is level IV for at least nine, but not more than fourteen points). With nine prior record points, defendant was correctly sentenced as a prior record level IV under N.C. Gen. Stat. § 15A-1340.14. *Id.* Although the trial court failed to properly calculate defendant's prior record level, defendant was not prejudiced. Defendant's assignment of error is overruled.

## IV. Defense Counsel's Motion to Withdraw

**[2]** Defendant argues the trial court erred by denying defense counsel's motion to withdraw based upon an asserted conflict of interest. We disagree.

At the trial court's hearing on defense counsel's motion to withdraw, counsel argued he must be allowed to withdraw because of a conflict of interest. The conflict arose from counsel's opinion that he needed to file a motion for appropriate relief challenging one of the three guilty-pled convictions underlying defendant's habitual felon charge. One of defense counsel's colleagues in the Buncombe County Public Defender's Office had represented defendant on the conviction subject to the motion for appropriate relief. Defense counsel argued that a conflict existed because he would have to file a motion for appropriate relief against one of his colleagues.

N.C. Gen. Stat. § 15A-144 (2005) states, "The court may allow an attorney to withdraw from a criminal proceeding upon a showing of good cause." Rule 1.7, Comment 4 of the North Carolina State Bar Revised Rules of Professional Conduct (2006) states, "[i]f a conflict arises after representation has been undertaken, the lawyer ordinarily must withdraw from the representation, unless the lawyer has obtained the informed consent of the client[.]" Rule 1.7, Comment 5 of the North Carolina State Bar Revised Rules of Professional Conduct (2006) states, "Unforeseeable developments . . . might create conflicts in the midst of representation . . . . The withdrawing lawyer must seek court approval where necessary and take steps to minimize harm to the clients."

## A. Defendant's Right to Counsel

The accused in a criminal prosecution is constitutionally guaranteed a right to counsel under the United States and North Carolina Constitutions. U.S. Const. amend. VI; N.C. Const. art. I, § 23. This Federal constitutional guarantee is binding on the states through the Fourteenth Amendment. *Powell v. Alabama*, 287 U.S. 45, 71, 77

L. Ed. 158, 172 (1932); *Gideon v. Wainwright,* 372 U.S. 335, 342, 9 L. Ed. 2d 799, 804 (1963). "[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington,* 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692 (1984).

"The right to effective assistance of counsel includes the 'right to representation that is free from conflict of interest.'" *State v. Bruton,* 344 N.C. 381, 391, 474 S.E.2d 336, 343 (1996) (quoting *Wood v. Georgia,* 450 U.S. 261, 271, 67 L. Ed. 2d 220, 230 (1981)). This Court has stated, "'[d]efense counsel [have] an ethical obligation to avoid conflicting representations' and to promptly inform the trial court when conflict arises, as they are most often in the position to recognize situations in which a conflict of interest may arise." *State v. Hardison,* 126 N.C. App. 52, 55, 483 S.E.2d 459, 460-61 (1997) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 346, 64 L. Ed. 2d 333, 345 (1980)).

> If the possibility of conflict is raised before the conclusion of trial, the trial court must take control of the situation. A hearing should be conducted to determine whether there exists such a conflict of interest that the defendant will be prevented from receiving advice and assistance sufficient to afford him the quality of representation guaranteed by the sixth amendment.

*State v. James,* 111 N.C. App. 785, 791, 433 S.E.2d 755, 758 (1993) (internal quotations and citations omitted).

The United States Supreme Court has stated, "prejudice is presumed when counsel is burdened by an actual conflict of interest." *Strickland,* 466 U.S. at 692, 80 L. Ed. 2d at 696. In *Cuyler,* the United States Supreme Court held:

> a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.

446 U.S. at 349-50, 64 L. Ed. 2d at 347 (internal citations omitted). The Court explained that prejudice is presumed because it is difficult to measure the amount of prejudice attributable to the conflict. *Id.* at 349, 64 L. Ed. 2d at 347.

> Given the obligation of counsel to avoid conflicts of interest and the ability of trial courts to make early inquiry in certain situa-

tions likely to give rise to conflicts . . . it is reasonable for the criminal justice system to maintain a fairly rigid rule of presumed prejudice for conflicts of interest.

*Strickland,* 466 U.S. at 692, 80 L. Ed. 2d at 696. If a defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance prejudice is presumed. *Id.*

" 'In order to establish prejudicial error arising from the trial court's denial of a motion to withdraw, a defendant must show that he received ineffective assistance-of counsel.' " *State v. Bailey,* 145 N.C. App. 13, 22, 548 S.E.2d 814, 820 (2001) (quoting *State v. Thomas,* 350 N.C. 315, 328, 514 S.E.2d 486, 495, *cert. denied,* 528 U.S. 1006, 145 L. Ed. 2d 388 (1999)). "To establish ineffective assistance of counsel, a defendant must satisfy a two-prong test which was promulgated by the United States Supreme Court in *Strickland*[.]" *Id.* The test requires:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland,* 466 U.S. at 687, 80 L. Ed. 2d at 693.

During defense counsel's motion to withdraw, the following colloquy ensued:

> Defense: [I]n going over the plea transcript with him . . . [defendant] stated that he had never been advised of certain immigration and deportation rights, and while he was in federal custody he was charged with illegal re-entry of the country and the matter was dismissed. The fact that he was never advised was borne out in my review of the older court files on the underlying habitual felon, and this is potentially his only means to collaterally attack the underlying felonies of the habitual felon.

> Court: What about an MAR?

> Defense: It would be an MAR against Faye Burner and Calvin Hill.

Court: That's got nothing to do with this trial.

Defense: It's a[n] habitual felon.

Court: That's a separate action. You can't attack that in the course of this case.

Defense: That's one of his primary means of defending this case would be to knock out one of the prior felony convictions.

Court: It's an entirely separate action. He's charged with something here, and then if he's convicted of that, then the State goes through the litany of what he's been convicted of in the past. In the meantime, if he files a motion for appropriate relief, that's an entirely different thing. What's that got to do with this case?

Defense: That's my contention, that—

Court: Your attack of those previous judgments would be absolutely irrelevant in these matters, in my opinion.

Defense: Not unless one of those was set aside.

N.C. Gen. Stat. § 15A-1415(b) (2005) states:

The following are the *only* grounds which the defendant may assert by a motion for appropriate relief made more than 10 days after entry of judgment:

(1) The acts charged in the criminal pleading did not at the time they were committed constitute a violation of criminal law.

(2) The trial court lacked jurisdiction over the person of the defendant or over the subject matter.

(3) The conviction was obtained in violation of the Constitution of the United States or the Constitution of North Carolina.

(4) The defendant was convicted or sentenced under a statute that was in violation of the Constitution of the United States or the Constitution of North Carolina.

(5) The conduct for which the defendant was prosecuted was protected by the Constitution of the United States or the Constitution of North Carolina.

(6) [Repealed]

(7) There has been a significant change in law, either substantive or procedural, applied in the proceedings leading to the defendant's conviction or sentence, and retroactive application of the changed legal standard is required.

(8) The sentence imposed was unauthorized at the time imposed, contained a type of sentence disposition or a term of imprisonment not authorized for the particular class of offense and prior record or conviction level was illegally imposed, or is otherwise invalid as a matter of law. However, a motion for appropriate relief on the grounds that the sentence imposed on the defendant is not supported by evidence introduced at the trial and sentencing hearing must be made before the sentencing judge.

(9) The defendant is in confinement and is entitled to release because his sentence has been fully served.

(Emphasis supplied).

Defense counsel asserted a conflict with filing a motion for appropriate relief seeking to vacate a prior conviction in which another Buncombe County Public Defender represented defendant. Defense counsel argued he needed to file a motion for appropriate relief asserting ineffective assistance of counsel against prior counsel in an earlier conviction due to prior counsel's failure to discuss immigration consequences before defendant pled guilty. Defendant's argument is without merit.

Defendant failed to argue at trial or on appeal that the trial court's denial of defense counsel's motion to withdraw resulted in ineffective assistance of counsel. Defendant has failed to argue or show whether the trial court's denial of defense counsel's motion to withdraw resulted in ineffective assistance of counsel at bar. This assignment of error is dismissed.

## V. Conclusion

The trial court's incorrect calculation of defendant's conviction points did not prejudice him. Defendant's prior convictions he admitted·and the State proved totaled nine points. Defendant was correctly sentenced as a prior record level IV offender.

Defendant failed to argue and the record does not show he received ineffective assistance of counsel as a result of the trial court's denial of defense counsel's motion to withdraw. This assign-

ment of error is dismissed. Defendant received a fair trial, free from prejudicial errors he preserved, assigned, and argued.

No Prejudicial Error.

Chief Judge MARTIN and Judge CALABRIA concur.