STATE OF NORTH CAROLINA v. PAUL BRANTLEY LEWIS

No. COA07-518

(Filed 15 January 2008)

**Criminal Law— motion for appropriate relief—juror misconduct—motion for new trial—conversation with third party meant to influence or prejudice jury**

    The trial court abused its discretion in a first-degree sexual offense, armed robbery and felony breaking and entering case by denying defendant's motion for appropriate relief based on the discovery of a previously undisclosed communication between a detective and a deputy who served as a juror on the case which informed the deputy that defendant failed a polygraph test even though the deputy already knew this information, and defendant is entitled to a new trial, because; (1) the detective was not aware that the deputy knew about the failed polygraph test and intended to influence the verdict by informing him of that fact; and (2) it was not a harmless conversation between a juror and a third person not tending to influence or prejudice the jury in their verdict.

On writ of *certiorari* from judgments entered 7 November 2006 by Judge C. Philip Ginn in Avery County Superior Court. Heard in the Court of Appeals 1 November 2007.

**STATE v. LEWIS**

[188 N.C. App. 308 (2008)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Amy C. Kunstling, for the State.*

*N.C. Prisoner Legal Services, Inc., by Mary E. McNeill, for defendant-appellant.*

JACKSON, Judge.

Paul Brantley Lewis ("defendant") petitioned this Court for a writ of *certiorari* to review the 7 November 2006 order denying his motion for appropriate relief. This Court granted defendant's petition on 14 March 2007. For the following reasons, we reverse and remand for a new trial.

On 12 September 2003, defendant was convicted of first-degree sexual offense, robbery with a dangerous weapon, and felony breaking and entering. His conviction was reviewed by this Court on 3 November 2004 and was affirmed in an unpublished opinion filed 1 March 2005. This appeal arises from facts discovered after this Court's filing in the previous appeal.

When defendant's case came on for trial, Deputy Eddie Hughes ("Deputy Hughes") of the Avery County Sheriff's Department was among those called for jury duty. Deputy Hughes knew defendant through his work at the Avery County Jail. During the period defendant was jailed awaiting trial in the matter, Deputy Hughes had transported him to Central Prison in Raleigh on two occasions. During one of those trips, defendant disclosed that he had failed a polygraph test. Deputy Hughes also had assisted Detective Roberts—the lead investigator in the case—prepare a photo line-up including at least three photos of defendant.

During *voir dire*, the potential jurors were asked if anyone knew defendant. Deputy Hughes, who had been selected as a potential juror in defendant's case, admitted that he did and that he had discussed the case with defendant. Deputy Hughes told the court that he could be impartial, in part because he was in uniform and thought it would look bad to say otherwise—part of his job as a law enforcement officer was to be impartial. However, he did not think he should be on the jury because he knew so much about the case.

Defendant's attorney did not want a law enforcement officer on the jury. However, he did not use a peremptory challenge to dismiss Deputy Hughes because defendant insisted that he remain on the jury. Defendant's attorney moved the court to allow an individual *voir dire*

of Deputy Hughes in an effort to have him removed for cause. The motion was denied, and the court never was made aware of the extent of Deputy Hughes' knowledge of the case.[1]

During a break in proceedings, Deputy Hughes went to the Sheriff's Department where Detective Roberts said to him, "[I]f we have . . . a deputy sheriff for a juror, he would do the right thing. You know he flunked a polygraph test, right?" Deputy Hughes told no one about the comment because he believed it was irrelevant—he already knew that defendant had failed a polygraph test because defendant told him on the way to Raleigh.

Defendant filed a motion for appropriate relief ("MAR") on 14 July 2006, after discovering the previously undisclosed communication between Detective Roberts and Deputy Hughes. After an evidentiary hearing on 6 November 2006, defendant's motion was denied. Defendant appeals.

By his first assignment of error, defendant argues that the trial court erred in holding that he was not prejudiced by the inappropriate communication. We agree.

When this Court reviews an MAR, the trial court's findings of fact "are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion." *State v. Wilkins*, 131 N.C. App. 220, 223, 506 S.E.2d 274, 276 (1998) (citing *State v. Pait*, 81 N.C. App. 286, 288-89, 343 S.E.2d 573, 575 (1986)). This Court must determine whether the trial court's "findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court." *State v. Stevens*, 305 N.C. 712, 720, 291 S.E.2d 585, 591 (1982). We review the trial court's conclusions of law *de novo. See Wilkins*, 131 N.C. App. at 223, 506 S.E.2d at 276 (citing *State v. Stevens*, 305 N.C. 712, 720, 291 S.E.2d 585, 591 (1982)).

Defendant contends that because the conversation between Detective Roberts and Deputy Hughes "constituted misconduct which was sufficiently gross and likely to cause prejudice to [him,]" he is entitled to a new trial. *See State v. Johnson*, 295 N.C. 227, 235, 244 S.E.2d 391, 396 (1978). He argues that "[i]t is hard to imagine how an officer of superior rank informing a co-worker on a jury that he expects him to vote guilty could be considered harmless."

---

1. The denial of the motion for individual *voir dire* was not raised in the original appeal.

STATE v. LEWIS

[188 N.C. App. 308 (2008)]

Courts generally seek to ensure litigants are protected against improper influences by court officers and other third parties to the litigation; however, if it does not appear that a conversation between a juror and a stranger "was prompted by a party, or that any injustice was done to the person complaining, and he is not shown to have been prejudiced thereby," a verdict will not be disturbed. *Id.* at 234, 244 S.E.2d at 395 (citations omitted).

> Generally speaking, neither the common law nor statutes contemplate as ground for a new trial a conversation between a juror and a third person *unless it is of such a character as is calculated to impress the case upon the mind of the juror in a different aspect than was presented by the evidence in the courtroom, or is of such a nature as is calculated to result in harm to a party on trial.*

*Id.* at 234, 244 S.E.2d at 396 (emphasis in original) (citations omitted). "[I]f a trial is *clearly fair and proper*, it should not be set aside because of mere suspicion or appearance of irregularity which is shown to have done no actual injury." *Id.* at 234, 244 S.E.2d at 395-96 (emphasis added).

Pursuant to North Carolina General Statutes, section 15A-1240, "[u]pon an inquiry into the validity of a verdict, no evidence may be received to show the effect of any statement, conduct, event, or condition upon the mind of a juror or concerning the mental processes by which the verdict was determined." N.C. Gen. Stat. § 15A-1240(a) (2007). However, when the testimony concerns "[b]ribery, intimidation, or attempted bribery or intimidation of a juror[,]" a juror may testify to impeach the verdict of the jury on which he served. N.C. Gen. Stat. § 15A-1240(c)(2) (2007).

Rule 606(b) of the North Carolina Rules of Evidence similarly provides:

> Upon an inquiry into the validity of a verdict . . . , a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict . . . or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention *or whether any outside influence was improperly brought to bear upon any juror.*

N.C. Gen. Stat. § 8C-1, Rule 606(b) (2007) (emphasis added).

The State argues that there was no prejudice because Deputy Hughes already was aware of the "extraneous information"—that defendant had failed a polygraph test. However, the point is not what Deputy Hughes knew, but rather what Detective Roberts intended during his conversation with Deputy Hughes. Deputy Hughes testified at the MAR hearing that Detective Roberts said, "[I]f we have . . . a deputy sheriff for a juror, he would do the right thing." Although it is possible to interpret this statement as not being intended to influence the verdict, in Deputy Hughes' affidavit—attached to the MAR petition—he recounted a different version of Detective Roberts' comment as follows: "Since we have a deputy on the jury, *he should have this information so that he can do the right thing*." He then told Deputy Hughes that defendant had failed a polygraph test. Stated in this manner, it appears clear that Detective Roberts was not aware that Deputy Hughes knew about the failed polygraph test and intended to influence the verdict by informing him of that fact.

This was not a "harmless conversation" between a juror and a third person not tending to influence or prejudice the jury in their verdict. This was a conversation between a sheriff's deputy and a lead detective that was intended to influence the verdict. This was not a "clearly fair and proper" trial, but rather one where an "outside influence was improperly brought to bear upon a juror."

Motions for a new trial based on misconduct affecting the jury ordinarily are addressed to the discretion of the trial court, and will not be disturbed unless its rulings thereon are clearly erroneous or amount to a manifest abuse of discretion. *Johnson*, 295 N.C. at 234, 244 S.E.2d at 396 (citing *State v. Sneeden*, 274 N.C. 498, 164 S.E.2d 190 (1968); *O'Berry v. Perry*, 266 N.C. 77, 145 S.E.2d 321 (1965); *Keener v. Beal*, 246 N.C. 247, 98 S.E.2d 19 (1957)). Because we hold that Detective Roberts' comments to Deputy Hughes were intended to influence the verdict in defendant's case, the trial court's ruling clearly was erroneous and amounted to a manifest abuse of discretion. Therefore, this matter must be reversed and remanded for a new trial.

As our holding on his first assignment of error is dispositive, we do not reach defendant's second assignment of error.

New trial.

Judges TYSON and STROUD concur.