## STATE v. GEORGE STEVENSON.

(Filed 15 December, 1937.)

**1. Criminal Law § 33—**

A confession is competent only when it is voluntary, and a confession is voluntary in law when, and only when, it is in fact voluntarily made.

**2. Same—Confession in this case held involuntary and incompetent.**

The evidence tended to show that defendant started to make some statement while in jail and was told by an officer that there was no use in his lying, that the officer already had more than enough evidence for a conviction, and that they "were going to take him down there"; and that thereafter, while defendant was being taken to a doctor, he made the confession sought to be introduced in evidence. *Held:* The admission of the confession in evidence was error, since the circumstances revealed by the testimony show that it was involuntary and incompetent.

**3. Same—**

> S. v. Whitener, 191 N. C., 659, cited as stating the correct procedure for determining the voluntariness of an alleged confession.

**4. Criminal Law § 81d—**

> Where a new trial is awarded on one exception, other exceptions need not be considered.

APPEAL by defendant from Frizzelle, J., at September Term, 1937, of COLUMBUS.

Criminal prosecution, tried upon indictment charging defendant with burglary in the first degree. C. S., 4232.

The defendant pleaded not guilty.

In the course of the trial below and during the examination of State's witness, W. H. Bullard, an officer, the solicitor for the State proposed to offer in evidence a written statement, dated "8/3/37," purporting to be signed by and a confession of the defendant, in which, among other things, it is stated: ". . . I went into the house. . . . This is a true and voluntary statement made of my own free will and accord." Counsel for defendant objected, and in the absence of the jury, stated to the court that the defendant had said to him that his sole purpose in signing the confession was that he was in fear of being lynched, and he wanted to get back; that he was drunk the night of the alleged crime and that he does not know what happened. · Counsel further stated to the court that he would like to examine the defendant, that he was willing to have him sworn and examined in the absence of the jury, solely for that purpose. The defendant was not examined. But the witness Bullard was examined with the view of eliciting the facts as to the circumstances under which the statement was made. The witness stated that Corporal Pridgen wrote the statement just as defendant had "told it," and that the "statement was free, voluntary, and of his own free will and accord." Continuing, the witness said: "Corporal Pridgen and me brought him back up in the front room of the jail. No one else was there except we three. I do not think he was asked whether or not he would sign the confession until we got him in and told him to come on with the truth about it. . . . I came back over here the next morning and went up in the jail, and he began to tell me something else, and I told him 'There is no use you beginning to tell a lie to me this morning, I have already got too much evidence to convict you. We are going to take you down there.' I took him up to Dr. Johnson's with the wound in his arm. We got out there and George said, 'Well, I want to tell the truth about it.' Then, of course, just voluntarily then, he told what he has told. We did have him out of jail then." The court ruled that the alleged confession was freely and voluntarily

made and, therefore, admissible. "To the ruling of the court, without examination of the defendant, as requested and urged by defendant's counsel, the defendant excepted." The statement was introduced in evidence. Defendant excepted.

Verdict: Guilty of burglary in the first degree.

Judgment: Death by asphyxiation.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Dwight McEwen for defendant, appellant.*

WINBORNE, J. We are of opinion that the alleged confession, having been made under the circumstances described by the officers, was involuntary and incompetent. The admission of it in evidence is error. *S. v. Anderson,* 208 N. C., 771, at 777 and 783; *S. v. Myers,* 202 N. C., 351, 162 S. E., 764; *S. v. Livingston,* 202 N. C., 809, 164 S. E., 337; *S. v. Grier,* 203 N. C., 586, 166 S. E., 595; *S. v. Gosnell,* 208 N. C., 401, 181 S. E., 323; *S. v. Moore,* 210 N. C., 686, 188 S. E., 421.

The factual situation here is very similar to that in *S. v. Anderson, supra,* where a new trial was granted the defendant Overman. There the Court stated: "A free and voluntary confession is deserving of the highest credit because it is presumed to flow from the strongest sense of guilt, but a confession wrung from the mind by flattery of hope or by the torture of fear comes in such questionable shape as to merit no consideration," citing *S. v. Livingston, supra. S. v. Patrick,* 48 N. C., 443.

"Voluntary confessions are admissible in evidence against the party making them; involuntary confessions are not. A confession is voluntary in law when—and only when—it was in fact voluntarily made." *S. v. Anderson, supra,* citing *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187.

While it is not necessary, in view of the turn of this appeal, to consider the exception to the procedure followed in determining the voluntariness of the alleged confession, it is appropriate to refer to *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603, where the subject is fully discussed.

As the case goes back for a new trial for the error described, other exceptions upon which defendant relies need not be considered. *Shoemake v. Refining Co.,* 208 N. C., 124, 179 S. E., 334; *Callahan v. Roberts, ante,* 223; *Warren v. Ins. Co., ante,* 354.

For error stated, defendant is entitled to

New trial.