McCALEB, Justice
 

 (dissenting in part).
 

 I dissent from the holding that the second confession was inadmissible because the language used by the deputy sheriff was “an inducement or promise calculated to make the defendant speak”. The statement to the accused that “the best thing to do is to tell the truth because we have the evidence against you” strikes me as being merely an exhortation or adjuration to confess, unaccompanied by any language calculated to lead the accused to believe that, speaking the truth, he would be rewarded or that, if he did not speak, he would suffer bodily harm.
 

 I quite agree with the majority that the real question in these cases (where language is used in regard to speaking the truth) is whether the words, when considered in connection with other language and the attendant circumstances, exhibit that the confession was obtained under the influence of a threat or promise. In the instant case, there are no attendant circumstances pointed to by the majority which would indicate that the statement was such as to influence the accused to make a full confession. It is found, however, that the language itself held out a promise of reward because the exhortation to speák the truth was coupled with the expression “because we have the evidence against you.”
 

 I fail to see the respect in which the statement “because we have the evidence against you” holds out a hope of reward to the accused. It is certainly not on a parity with the claimed analogy contained in the majority opinion that “Since we have the evidence to convict you, it would be better, or easier on you, to make a full confession.” Nor do I think that the case of State v., Stevenson, 212 N.C. 648, 194 S.E. 81, relied upon by the majority, supports its conclusion. In that matter, the language “There is no use you beginning to tell a lie to me this morning, I have already got too much evidence to. convict you. We are going to take you down
 
 *215
 
 there,” was held to render the confession inadmissible. But the court did not say that the words spoken held out a promise to the accused. On the contrary, the contention of defense counsel, which was upheld by the court, was that the confession was given by the accused because he feared that he would be lynched if he did not confess.
 

 In the absence of any circumstances indicating otherwise, I think it is fallacious to conclude that the mere exhortation to the accused to tell the truth, coupled with the reminder that the State had sufficient evidence to obtain a conviction, had any reasonable likelihood of conveying to him the notion that if he confessed 'he might obtain leniency.