STATE OF NORTH CAROLINA v. FLOYD EDWARD RICHARDSON

No. 615A84

(Filed 6 May 1986)

**1. Criminal Law § 26.5; Burglary and Unlawful Breakings § 1; Larceny § 1— punishment for both breaking or entering and larceny**

A defendant may be convicted and punished for both felonious breaking or entering and felonious larceny pursuant to that breaking or entering.

**2. Criminal Law § 76.5— admissibility of confession—voir dire hearing—necessity for findings**

When making findings of fact on the voluntariness of a defendant's confession, the presiding judge need not make findings other than those which are necessary to resolve conflicts in the evidence. However, it is the better practice for the presiding judge to make findings concerning all evidence material to the issue of voluntariness of the confession even when such evidence is uncontradicted.

**3. Criminal Law § 75.2— statement about habitual criminal prosecution—confession not coerced**

The evidence supported the trial court's determination that Tennessee authorities did not improperly induce defendant to confess to crimes in North Carolina by threatening to prosecute him as an habitual criminal if he did not cooperate where the evidence showed that defendant asked a detective what additional charges might be brought against him, defendant was only told that an habitual criminal prosecution was a possibility, and the assistant district attorney did not ascertain that defendant did not qualify under the habitual criminal statute until later. Furthermore, the fact that Tennessee authorities were unsuccessfully attempting to convince defendant to name his accomplices at the time they informed him of the possible habitual criminal charges is not sufficient to show that the possibility of defendant's being prosecuted as an habitual criminal was used as a threat to coerce him into confessing.

**4. Criminal Law § 75.2— confession—promise in response to solicitation by defendant**

A detective's statement that he would answer a subpoena to appear as a witness to testify to defendant's cooperation in solving crimes did not render defendant's subsequent confession involuntary where defendant had asked what Tennessee authorities were willing to give him in exchange for his cooperation in solving crimes in Tennessee and other states before the detective offered to testify in his behalf, since promises or other statements to an accused that he will receive some benefit if he confesses do not render his confession involuntary when made in response to a solicitation by the accused.

Justice EXUM dissenting in part and concurring in part.

Justices MARTIN and FRYE join in the dissenting and concurring opinion.

APPEAL by the State pursuant to N.C.G.S. § 7A-30(2) from the decision of the Court of Appeals reported at 70 N.C. App. 509, 320 S.E. 2d 900 (1984) (*Whichard, J.*, and *Johnson, J.*, concurring; *Vaughn, Chief Judge*, dissenting), reversing the judgment entered by *Howell, J.*, at the 7 February 1983 session of BUNCOMBE County Superior Court. Judgment entered 9 February 1983.

Defendant was convicted of felonious breaking or entering, felonious larceny, safecracking, and attempted safecracking. He was sentenced to ten years for the felonious breaking or entering conviction and ten years for the felonious larceny conviction. He received thirty years for convictions of safecracking and attempted safecracking which were consolidated for judgment.

The Court of Appeals ordered a new trial on the basis that defendant's confession had been procured through the use of threats and promises and was therefore involuntary and inadmissible. Chief Judge Vaughn (later Associate Justice) dissented on the basis that defendant made his confession pursuant to a plea bargain with the Tennessee authorities.

The State appealed based on Judge Vaughn's dissent. Following oral argument on 10 April 1985, we remanded the case to the trial court for additional findings of fact on the following questions:

(1) What, if anything, did Tennessee authorities promise or offer this defendant?

(2) What threats, if any, did Tennessee authorities make to this defendant?

(3) Did the defendant rely on any such promises or threats, if made, to the extent that they caused his confession to the North Carolina officers to be induced by fear or by hope of reward?

(4) Was the defendant's confession to the North Carolina officers the result of a plea arrangement or plea bargain with Tennessee authorities concerning crimes committed in Tennessee? If so, what were the terms of the plea bargain or plea arrangement, and was it complied with?

*State v. Richardson*, 313 N.C. 505, 329 S.E. 2d 404 (1985).

Pursuant to our order Judge Forrest A. Ferrell made findings of fact which, along with relevant parts of the record, are summarized as follows:

On 30 September 1981 defendant was arrested while attempting to burglarize a drugstore. At the police station Detective Robert Collins, of the Hendersonville, Tennessee, Police Department, advised defendant of his constitutional rights. Defendant waived his rights and admitted that he was guilty. However, he declined to name his accomplices as that was against his "code" of ethics.

Defendant asked whether he would be charged with any crimes in addition to attempted burglary and possession of burglary tools, and Detective Collins told him that he might be prosecuted as an habitual criminal but that the district attorney would make that decision. Defendant's participation in criminal offenses in other states was also discussed. The disposition of the charges against defendant was not discussed at this interview.

Defendant also spoke with Detective Frank McCoy regarding the specifics of the charges against him, the range of punishment, and the effect of his cooperation. He was informed that the officers had no authority to make any arrangements concerning the charges against him and that the Tennessee authorities had no control over what other states might do concerning crimes committed within their jurisdiction. Defendant was released after he posted bond.

Defendant waived his preliminary hearing in Tennessee. On that same day in the presence of several officers and Assistant District Attorney Dee Gay, defendant asked what would happen in regard to the charges pending in Tennessee if he cooperated. He particularly wanted to know whether the district attorney would prosecute him as an habitual criminal if he cooperated. In Tennessee the punishment for conviction as an habitual criminal is life in prison. Detective Collins stated that it was up to the district attorney to determine what would happen if defendant cooperated. Gay told defendant that he could make no promises and that what happened would depend on his cooperation. He also told defendant that he had no control over what happened in other jurisdictions. Detective McCoy told defendant that he would testify in other states as to his cooperation, but the officers made

it clear to defendant that they had no authority to make any arrangement with him.

Assistant District Attorney Gay and the police officers testified that they did not threaten defendant in any way or promise him any relief in exchange for his confession. Specifically, Dee Gay denied threatening to prosecute defendant as an habitual criminal. He later concluded that the Tennessee offenses were not a sufficient basis for an habitual criminal prosecution. Judge Ferrell concluded that no threats or promises were made to defendant to secure his cooperation.

While defendant was out on bond he resided in Kentucky. After numerous discussions with Detective McCoy, he agreed to meet in Tennessee with McCoy and officers from other jurisdictions, including North Carolina. Defendant voluntarily appeared at the meeting and talked with several officers, including officers Don Babb and Grover Mathews of the Asheville Police Department. After being advised of his rights by Officer Babb defendant waived his rights in writing and confessed to several crimes which he committed in North Carolina including the crimes of which he has been convicted. His tape-recorded confession was admitted at trial over objection.

Judge Ferrell found as a fact that defendant's confession to the North Carolina officers was not the result of a plea bargain by defendant with the Tennessee authorities. Rather, his confession was based "in part, upon his desire to cooperate with the Tennessee authorities, not upon threat or hope of reward as to what would occur in North Carolina, but with the understanding that Tennessee had no authority to influence what would occur in North Carolina."

*Lacy H. Thornburg, Attorney General, by Archie W. Anders, Assistant Attorney General, for the State.*

*Nora Henry Hargrove, Attorney, and J. Robert Hufstader, Public Defender for the 28th Judicial District, for defendant-appellee.*

BRANCH, Chief Justice.

Initially, we consider defendant's motion praying that the transcript of the Kentucky hearing to determine whether his wife

should be compelled to attend and testify in his case in North Carolina be stricken from the record of this case. We so order.

[1] The two issues presented in this appeal are whether defendant can be convicted and punished for both breaking or entering and felonious larceny pursuant to a breaking or entering and whether the confession on which his convictions were based was involuntary and thereby obtained in violation of his rights under the fifth and fourteenth amendments to the United States Constitution. Since the first issue has already been decided adversely to defendant in *State v. Gardner*, 315 N.C. 444, 340 S.E. 2d 701 (1986), we turn to the issue of the voluntariness of his confession.

Defendant argues that his confession to the crimes he committed in North Carolina was involuntary because it was obtained through threats and promises giving him hope of benefit. Defendant also contends that several of Judge Ferrell's findings of fact are not supported by the evidence, are incomplete, or are actually conclusions of law, and that Judge Ferrell failed to include in his findings uncontroverted evidence material to the questions this Court ordered answered.

We now turn to the findings of fact to which defendant has objected.

*Finding of Fact (4)*:

The defendant initiated an inquiry as to whether he would be charged with anything else, and was told that at present he would be charged with attempted burglary and possession of burglary tools; and, that he might be charged with being an habitual offender, but that that wasn't up to Collins but was up to the District Attorney. The defendant was told that it was up to the District Attorney to determine what would happen when someone cooperated, and that he usually responds accordingly, but that the officers could make no promises, it was up to the District Attorney.

Defendant argues that this finding inaccurately characterizes the evidence because he merely asked if he would be charged with anything other than the crimes for which he was arrested.

"Findings of fact made by the trial judge following a *voir dire* hearing on the voluntariness of a defendant's confession are

conclusive on appeal if supported by competent evidence in the record." *State v. Baker*, 312 N.C. 34, 39, 320 S.E. 2d 670, 674 (1984). We fail to see how it matters whether defendant "asked" Detective Collins about what additional crimes he might be charged with or "initiated an inquiry." Judge Ferrell's findings on this point are supported by competent evidence and are conclusive on appeal.

*Finding of Fact (11):*

Frank McCoy was a detective with the Hendersonville, Tennessee, Police Department, and presently is a Lieutenant with that department. McCoy first met the defendant the night the Tennessee crimes were committed. Discussions were conducted with the defendant regarding the specifics of the charges against him, the range of punishment, and the effect of his cooperation. The defendant was told that the officers had no authority to make any arrangements.

Defendant argues that this finding is inaccurate and incomplete because Judge Ferrell failed to find that part of the range of punishment discussed was defendant's possible prosecution as an habitual criminal. We hold that this finding is supported by the evidence and is, therefore, binding on appeal.

*Finding of Fact (13):*

The defendant lived in Kentucky and was on bond; he met with McCoy and officers from other jurisdictions in Tennessee, after he and McCoy had talked on numerous occasions. They had discussed some twenty-six crimes committed in eleven states. The defendant voluntarily appeared at the meeting in Tennessee with officers from other jurisdictions, including North Carolina. The defendant was free to attend or not, at his option.

According to defendant this finding is inaccurate because Judge Ferrell used the term "numerous times" and did not specify that, in accord with the testimony at trial, Detective McCoy had talked with defendant "twenty or fifty times." We hold that Judge Ferrell's finding that McCoy talked with defendant on "numerous" occasions accurately characterizes the facts and is supported by competent evidence in the record. This argument is without merit.

We next consider defendant's contention that Judge Ferrell failed to include in his findings uncontroverted evidence bearing on the voluntariness of his confession.

[2] The presiding judge at a *voir dire* hearing to determine the admissibility of a defendant's confession *must* make findings of fact resolving any material conflict in the evidence. *State v. Lang*, 309 N.C. 512, 520, 308 S.E. 2d 317, 321 (1983) (trial judge failed to resolve dispute in testimony as to whether the defendant or the police initiated the conversation in which defendant confessed where defendant had earlier asserted his right to silence). When there is no conflict in the evidence on *voir dire* or only immaterial conflicts the presiding judge may admit a confession without making specific findings of fact. *Id.* It follows that when making findings of fact on the voluntariness of a defendant's confession the presiding judge need not make findings other than those which are necessary to resolve conflicts in the evidence. Thus, Judge Ferrell was not compelled to make findings since the evidence was uncontradicted. However, we emphasize that it is the better practice for the presiding judge to make findings concerning all evidence material to the issue of the voluntariness of a confession even when such evidence is uncontradicted.

Defendant has also challenged Judge Ferrell's findings that the investigating officers and the assistant district attorney in Tennessee made no threats or promises to him and that he voluntarily attended the meeting in Tennessee with officers from other jurisdictions. Defendant contends that whether the conduct and language of the investigating officers and the assistant district attorney amounted to threats and promises or influenced him to confess by inducing hope or fear is a question of law, not of fact.

In determining whether a confession is voluntary it is the trial judge's duty to make findings of fact resolving all material conflicts in the evidence as to what the defendant and the investigating officers said and did during the relevant time period preceding the defendant's confession. *State v. Lang*, 309 N.C. 512, 520, 308 S.E. 2d 317, 321; *State v. Fuqua*, 269 N.C. 223, 226-27, 152 S.E. 2d 68, 70-71 (1967). These findings are conclusive on appeal if supported by competent evidence in the record. *State v. Baker*, 312 N.C. 34, 320 S.E. 2d 670; *Fuqua*, 269 N.C. 223, 152 S.E. 2d 68. "[W]hether the conduct and language of the investigating officers

amounted to such threats or promises or influenced the defendant by hope and fear as to render the subsequent confession involuntary is a question of law, . . . reviewable on appeal." *State v. Rook*, 304 N.C. 201, 216, 283 S.E. 2d 732, 742 (1981), *cert. denied*, 455 U.S. 1038, 72 L.Ed. 2d 155 (1982). *Accord Fuqua*, 269 N.C. 223, 226-27, 152 S.E. 2d 68, 71.

Judge Ferrell denominated as a finding of fact his conclusion of law that defendant's confession was voluntary and that no threats or promises had been made to him to secure his confession. This mislabeling was a technical error probably due to our order on remand that "findings of fact" be made as to whether any threats or promises were made to defendant in Tennessee which induced him to confess by fear or by hope of reward. Defendant has not shown that he has been prejudiced by the fact that Judge Ferrell's conclusions of law were incorrectly denominated as findings of fact. *State v. Jackson*, 308 N.C. 549, 580-81, 304 S.E. 2d 134, 152 (1983).

We now turn to the central issue in this case which is whether Judge Ferrell's findings of fact support his conclusion of law that defendant's confession was voluntary and was not the product of threats or promises.

> The North Carolina rule and the federal rule for determining the admissibility of a confession is the same. It is a rule or test of voluntariness in which the court looks at the totality of the circumstances of the case in determining whether the confession was voluntary.

*State v. Jackson*, 308 N.C. 549, 581, 304 S.E. 2d 134, 152. Where the requirements of *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694 (1966), have been met and "the defendant has not asserted the right to have counsel present during questioning, no single circumstance may be viewed in isolation as rendering a confession the product of improperly induced hope or fear and, therefore, involuntary." *State v. Corley*, 310 N.C. 40, 48, 311 S.E. 2d 540, 545 (1984). In such cases the court must determine whether the statements made by the defendant were voluntarily and understandingly made. *Id.* In making this determination "the court must consider the *totality of the circumstances* of the case and may not rely upon any one circumstance standing alone and in isolation." *Id.*

[3] Defendant contends that his confession was involuntary because it was the product of fear induced by threats and of promises of leniency if he cooperated. More specifically, defendant contends that the Tennessee authorities induced him to confess to crimes in North Carolina by threatening to prosecute him as an habitual criminal if he did not cooperate and by promising him that he would not be prosecuted or would receive only probationary sentences for the crimes to which he confessed.

After examining the totality of the circumstances, we hold that Judge Ferrell correctly ruled that defendant's confession was voluntarily and understandingly made.

Defendant argues that he was threatened with prosecution as an habitual criminal in two ways. First, he argues that Detectives Collins and McCoy, while questioning him on the night of his arrest, told him that he could be prosecuted as an habitual criminal. Later, in a meeting following his waiver of his preliminary hearing defendant contends that Assistant District Attorney Dee Gay told him that he would be prosecuted as an habitual criminal if he did not cooperate even though Gay knew that defendant did not meet the statutory requirements for that crime. Defendant also argues that simply by informing him that he could be prosecuted as an habitual criminal after he had refused to name his accomplices the Tennessee authorities were implying that he would be convicted and sentenced to life imprisonment if he did not cooperate.

Assistant District Attorney Gay and the investigating officers testified, and Judge Ferrell found, that defendant was only told that an habitual criminal prosecution was a possibility. Gay did not determine that defendant did not qualify under the habitual criminal statute until later. Judge Ferrell's finding is supported by the evidence and it supports his conclusion that defendant was not threatened with prosecution as an habitual criminal if he did not cooperate. Merely informing a defendant of the crimes for which he might be charged and the range of punishment does not constitute a threat. *Cf. State v. Jackson*, 308 N.C. 549, 572, 304 S.E. 2d 134, 146-47. Defendant had asked Detective Collins what additional charges might be brought against him, and the officers can hardly be faulted for answering his question. The fact that the Tennessee authorities were unsuccessfully

attempting to convince defendant to name his accomplices at the time they informed him of the possible charges against him is not sufficient to show that the possibility of defendant being prosecuted as an habitual criminal was used as a threat to coerce him into cooperating. The facts in this case simply do not reveal the type of implied threats found in other cases in which confessions were held to be involuntary. *See State v. Pruitt*, 286 N.C. 442, 212 S.E. 2d 92 (1975) (confession involuntary when defendant was interrogated in a "police-dominated atmosphere" and was told by police officers that he was lying, they didn't want to fool around, and things would be tougher for him if he did not cooperate); *State v. Stephenson*, 212 N.C. 648, 194 S.E. 81 (1937) (defendant was told while in jail that there was no point in lying because enough evidence existed to convict him).

[4] Defendant next argues that his confession was involuntary because he was promised that he would not be prosecuted or would be given probationary sentences for any crimes to which he confessed.

According to Judge Ferrell's findings, during his interview with the detectives and Assistant District Attorney Dee Gay defendant asked what would happen if he cooperated. He was particularly concerned about whether he would be prosecuted as an habitual criminal if he cooperated.

Detective Collins told defendant that it was up to the district attorney to determine what happened when someone cooperated with the police. He also told defendant that the district attorney usually responds favorably when a defendant cooperates but that he could make no promises. Assistant District Attorney Dee Gay told defendant that he could not tell him at that time what would happen and that it would depend on his cooperation. Dee Gay specifically told defendant that he would be prosecuted for the crimes committed in Tennessee but that he had no control over what happened in other jurisdictions. No one promised defendant that he would receive a lesser sentence because of his cooperation. However, when he was subsequently convicted in Tennessee of third degree burglary and possession of burglary tools the trial judge was informed of his cooperation and defendant was given a suspended sentence.

These findings are supported by the evidence and they in turn support Judge Ferrell's conclusion that defendant was not promised some benefit in exchange for his cooperation.

The only statement made to defendant which could be construed as a promise is Detective McCoy's statement that he would answer a subpoena to appear as a witness to testify to defendant's cooperation in solving crimes. Though it is not explicitly stated in the record when Detective McCoy made this offer our examination of defendant's brief and the record leads us to conclude that it was made during the interview following defendant's waiver of his preliminary hearing and after he inquired about the effect of his cooperation.

A similar statement by a law enforcement officer has been held to be a promise offering hope of benefit which renders a subsequent confession involuntary. *State v. Fuqua*, 269 N.C. 223, 152 S.E. 2d 68 (officer told defendant that if he talked he would be able to testify in court that he was cooperative). This case is distinguishable from *Fuqua* because defendant asked what would happen if he cooperated before Detective McCoy offered to testify in his behalf. In effect, defendant asked the Tennessee officers and Assistant District Attorney Gay what they were willing to give him in exchange for his cooperation in solving crimes in Tennessee and other states. Promises or other statements indicating to an accused that he will receive some benefit if he confesses do not render his confession involuntary when made in response to a solicitation by the accused. *See Taylor v. Commonwealth*, 461 S.W. 2d 920 (1970 Ky.), *cert. denied*, 404 U.S. 837, 30 L.Ed. 2d 70 (1971); *State v. Hutson*, 537 S.W. 2d 809 (1976 Mo. Ct. App.).

Even if it is assumed that Detective McCoy's offer to testify to defendant's cooperation was made before defendant inquired about what would happen if he cooperated, it would not render his confession involuntary. Defendant is a mature adult with considerable experience in the criminal justice system due to his prior felony convictions. He clearly engaged in hard-headed bargaining with the Tennessee authorities to obtain leniency and to avoid prosecution. When the totality of the circumstances is considered, it is clear that defendant's will was not overborne and that his confession to the North Carolina officers was made freely and voluntarily with full knowledge of the consequences.

The decision of the Court of Appeals is reversed.

Reversed.

Justice EXUM dissenting in part and concurring in part.

For the reasons stated in my dissenting opinion in *State v. Gardner*, 315 N.C. 444, 340 S.E. 2d 701 (1986), I dissent from that part of the majority's decision holding that defendant may be convicted and punished for both felonious breaking and felonious larceny pursuant to the felonious breaking.

I concur in the majority's treatment of the admissibility of defendant's confession.

Justices MARTIN and FRYE join in this dissenting and concurring opinion.