STATE OF NORTH CAROLINA v. JAMIE LYNN CABE

No. COA98-1031

(Filed 1 February 2000)

**1. Confessions and Incriminating Statements— voluntariness—promises**

The trial court correctly concluded in a first-degree sexual offense prosecution that defendant's confession was voluntary where defendant was not under arrest, he was advised of and waived his rights, the interview lasted approximately forty-five minutes and defendant was allowed to go home, the statements made by the detective were in response to questions asked by defendant, the statement that the detective could not see why defendant would lose his job cannot be construed as a promise to keep his job, and any improper promises that may have been made concerned collateral matters.

**2. Evidence— offer to take polygraph excluded—subsequent testimony**

Even if evidence that defendant had offered to take a polygraph test was erroneously excluded on cross-examination, any prejudice was cured by defendant's subsequent testimony that such an offer had been made, defendant did not make an offer of proof, and defendant waived plain error by not arguing it in his brief.

**3. Criminal Law— judge's reference to victim—not plain error**

There was no plain error in a first-degree sexual offense prosecution in the court's reference to the prosecuting witness as "the victim."

Appeal by defendant from judgment entered 16 March 1998 by Judge Shirley L. Fulton in Gaston County Superior Court. Heard in the Court of Appeals 27 April 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Teresa L. Harris, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from judgment entered upon his conviction of two counts of first degree sexual offense in violation of G.S. § 14-27.4(a)(1). While this appeal was pending, defendant filed in this Court a motion for appropriate relief alleging the existence of newly discovered evidence. By order dated 14 April 1999, we remanded this case to the Superior Court of Gaston County for a determination of the matters alleged in the motion for appropriate relief. On 7 September 1999, the Superior Court of Gaston County entered an order, filed in this Court on 6 January 2000, denying defendant's motion for relief. No review of that order has been sought as of the date of this opinion and it is not before us.

Briefly summarized, the State's evidence at trial tended to show on 16 August 1997 that defendant's son, who was three years old at the time, reported to his grandmother and mother that his rectum hurt, and that his daddy had done something. He demonstrated by touching his penis and saying, "[m]y Daddy plays with it" and also by sticking his finger in his rectum and saying, "[m]y Daddy does that and it hurts." A subsequent medical examination of the child on 20 August 1997 indicated an abnormality in a rectal reflex which could have been caused by excessive dilation of the rectal sphincter, though there was no redness or skin tear.

Detective Jan Powers of the Belmont Police Department investigated the case after having been contacted by defendant and after the child's mother filed a complaint. In the course of her investigation, Detective Powers interviewed defendant. After having been advised of his rights, defendant admitted to having digitally penetrated his son's rectum for sexual pleasure on three or four occasions, and having touched his son on his penis. He told Detective Powers he knew what he did was wrong and wanted to get help. Defendant testified in his own behalf and denied putting his finger into his son's rectum.

The record on appeal contains eight assignments of error, three of which are argued on appeal. Those assignments not argued on appeal are deemed abandoned. N.C.R. App. P. 28(a); State v. Rhyne, 124 N.C. App. 84, 478 S.E.2d 789 (1996). We have considered defendant's arguments with respect to each of them and conclude that defendant received a fair trial, free from prejudicial error.

I.

**[1]** First defendant contends the trial court erred when denying his motion to suppress the inculpatory statement which he made to officers, on the grounds it violated his constitutional rights. The essence of defendant's argument is that he was promised "help" if he cooperated, and that he would not lose his job, his car, or his right to see his son. Defendant contends, therefore, that the confession was not voluntary because it was improperly influenced by a threat or promise and should have been excluded. We disagree.

"The scope of review on appeal of the denial of a defendant's motion to suppress is strictly limited to determining whether the trial court's findings of fact are supported by competent evidence, in which case they are binding on appeal, and in turn, whether those findings support the trial court's conclusions of law." *State v. Corpening*, 109 N.C. App. 586, 587-88, 427 S.E.2d 892, 893 (1993) (citing *State v. Cooke*, 306 N.C. 132, 291 S.E.2d 618 (1982)); *State v. Fleming*, 106 N.C. App. 165, 415 S.E.2d 782 (1992).

Even when there is technical compliance with the procedural Constitutional requirements of the Fourth and Fifth Amendments to the United States Constitution, there remains the issue of whether "the statement was in fact voluntarily and understandingly made." *State v. Davis*, 305 N.C. 400, 419, 290 S.E.2d 574, 586 (1982) (citing *State v. White*, 291 N.C. 118, 229 S.E.2d 152 (1976)); *State v. Rook*, 304 N.C. 201, 283 S.E.2d 732 (1981), *cert. denied*, 455 U.S. 1038, 72 L.Ed.2d 155 (1982). "The admissibility of the confession must be decided by viewing the totality of the circumstances, one of which may be whether the means employed were calculated to procure an untrue confession." *State v. Jackson*, 308 N.C. 549, 574, 304 S.E.2d 134, 148 (1983) (citing *Frazier v. Cupp*, 394 U.S. 731, 22 L.Ed.2d 684 (1969)). The long-standing rule in this jurisdiction was stated by Chief Justice Taylor in *State v. Roberts*, 12 N.C. (1 Dev.) 259, 260 (1827):

> The true rule is, that a confession cannot be received in evidence, where the Defendant has been influenced by any threat or promise; for, as it has been justly remarked, the mind, under the pressure of calamity, is prone to acknowledge, indiscriminately, a falsehood or a truth, as different agitations may prevail; and therefore a confession obtained by the slightest emotions of hope or fear, ought to be rejected.

Justice Henderson, concurring, set forth the rule which we have followed since:

Confessions are either voluntary or involuntary. They are called voluntary, when made neither under the influence of hope or fear, but are attributable to that love of truth which predominates in the breast of every man, not operated upon by other motives more powerful with *him*, and which, it is said, in the perfectly good man, cannot be countervailed. These confessions are the highest evidences of truth, even in cases affecting life. But it is said, and said with truth, that confessions induced by hope, or exhorted by fear, are, of all kinds of evidence, the least to be relied on, and are therefore entirely to be rejected . . . .

*Id.* at 261-62; *State v. Rook*, 304 N.C. 201, 283 S.E.2d 732; *State v. Pruitt*, 286 N.C. 442, 212 S.E.2d 92 (1975).

When evaluating whether a police officer's statements constituted improper promises, it has been stated that "any improper inducement generating hope must promise relief from the criminal charge to which the confession relates, and not to any mere collateral advantage." *Rook*, 304 N.C. at 219, 283 S.E.2d at 744. *Pruitt*, 286 N.C. at 458, 212 S.E.2d at 102. It has also been determined the "[p]romises or other statements indicating to an accused that he will receive some benefit if he confesses do not render his confession involuntary when made in response to a solicitation by the accused." *State v. Richardson*, 316 N.C. 594, 604, 342 S.E.2d 823, 831 (1986).

Competent evidence supports the trial court's findings and conclusions that no improper promises made to defendant induced an involuntary confession. Defendant was not under arrest during the questioning; he was advised of and knowingly waived his constitutional rights. The interview lasted approximately forty-five minutes, and defendant was allowed to go home. The statements regarding defendant's employment, the possession of his car, and his rights to visit his son, came in response to specific questions asked by defendant. Detective Powers' statement that she could not see why defendant would lose his job cannot be construed as a promise to let him keep his job if he cooperated.

Further, any improper promises that may have been made concerned collateral matters, not involving the crime charged. The officer's remarks were made in response to defendant's questions regarding his job, car, and rights with respect to his son. The trial court correctly concluded that the confession was voluntary. This assignment of error is overruled.

## II.

**[2]** Second, defendant argues the trial court erred in excluding evidence elicited from Detective Powers on cross-examination that defendant had volunteered to take a polygraph test. The State's objection was sustained, and defendant made no offer of proof. Although defendant assigned this as plain error, defendant did not argue plain error in his brief, and so the plain error argument is deemed abandoned. N.C.R. App. P. 28(a); *State v. Rhyne*, 124 N.C. App. 84, 478 S.E.2d 789 (1996).

"An exception to the exclusion of evidence cannot be sustained where the record fails to show what the witness's testimony would have been had he been permitted to testify." *State v. Barts*, 321 N.C. 170, 178, 362 S.E.2d 235, 239 (1987) (citing *State v. Simpson*, 314 N.C. 359, 334 S.E.2d 53 (1985)); *State v. Cheek*, 307 N.C. 552, 299 S.E.2d 633 (1983).

In any event, defendant subsequently testified that he had requested a lie detector test and that he was told that such tests are not accurate. "It is well settled in this jurisdiction that no prejudice arises from the erroneous exclusion of evidence when the same or substantially the same testimony is subsequently admitted into evidence." *State v. Hageman*, 307 N.C. 1, 24, 296 S.E.2d 433, 446 (1982); N.C. Gen. Stat. § 15A-1443(a) (1997). Therefore, even if evidence that defendant requested a polygraph exam was erroneously excluded on cross-examination of Detective Powers, any prejudice was cured by defendant's subsequent testimony that such a request was made. This assignment of error is overruled.

## III.

**[3]** Finally, defendant argues the trial court committed plain error when it referred to the complainant as "the victim." We disagree.

"Plain error is 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.' " *State v. McCarroll*, 336 N.C. 559, 566, 445 S.E.2d 18, 22 (1994) (quoting *State v. Gibbs*, 335 N.C. 1, 37, 436 S.E.2d 321, 341 (1993)). The North Carolina Supreme Court has held that referring to the prosecuting witness as "the victim" does not constitute plain error. "We cannot hold that the reference to the prosecuting witness as the victim was an error so basic and lacking in its elements that justice could not have been done." *Id.*; see also *State v. Allen*, 92 N.C. App.

168, 171, 374 S.E.2d 119, 121 (1988), *cert. denied*, 324 N.C. 544, 380 S.E.2d 772 (1989) ("By his use of the term 'victim,' the trial judge was not intimating that defendant had committed any crime."). This assignment of error is overruled.

No error.

Judges GREENE and McGEE concur.