IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-201

Filed: 15 December 2020

Lincoln County, No. 18CRS799

STATE OF NORTH CAROLINA

v.

RUFUS DURAND LYNCH

Appeal by Defendant from judgment entered 22 August 2019 by Judge Steve R. Warren in Lincoln County Superior Court. Heard in the Court of Appeals 9 September 2020.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Rana M. Badwan, for the State-Appellee.*
>
> *Sharon L. Smith for Defendant-Appellant.*

COLLINS, Judge.

Defendant Rufus Durand Lynch appeals from judgment entered upon jury verdicts of guilty of felony assault on a female and attaining habitual felon status. Defendant argues that the trial court failed to properly inquire into his trial counsel's conflict of interest and failed to properly inform Defendant of the consequences of the conflict of interest. We remand this case to the trial court for a hearing to determine whether there was a conflict of interest arising from trial counsel's representation of both Defendant and the City of Lincolnton and for further proceedings consistent with that determination.

## I. Procedural History and Factual Background

Following an investigation by officers from the Lincolnton Police Department, Defendant was indicted on one count of felony assault on a female, one count of habitual misdemeanor assault,[1] and one count of attaining habitual felon status.[2] Defendant was subsequently arrested by an officer of the Lincolnton Police Department on 16 November 2018.

Defendant was tried in Lincoln County Superior Court beginning on 20 August 2019. Defendant was represented by attorney T.J. Wilson, who also served as the City Attorney for Lincolnton. Law enforcement officers Randy Carroll, Rick Hensley, and Devon Rushing of the Lincolnton Police Department testified against Defendant. Following the charge conference but before closing arguments, Wilson informed the trial court that Defendant was "expressing some dissatisfaction at this point with his legal representation." The trial court asked to hear from Defendant himself on the issue. Defendant stated, "I don't think I've been represented right for the situation right here." After conferring with counsel, the trial court asked Defendant to "be a little bit more specific." Defendant responded, "I just think I've been mistreated in the situation . . . . What I'm saying is he's the city attorney, right? . . . So I'm

---

[1] The record is silent as to the disposition of this charge.
[2] Defendant was also charged with assault inflicting serious bodily injury, but the State voluntarily dismissed this charge at the close of evidence and the charging document was omitted from the record on appeal.

thinking, you know, he worked for them. I don't think nobody—I'm going to get a fair trial, is what I'm trying to say."

The trial court then asked Defendant, "Other than that generalized complaint, Mr. Lynch, can you help the Court understand the specifics? Has something specific happened, sir, that you would like the Court to address?" Defendant answered that there was not, and raised his ongoing health issues. Following Defendant's answer, the trial court stated only that it was "prepared to proceed with the case."

After the jury was dismissed to deliberate, the trial court returned to the issue "to give Mr. Wilson an opportunity to respond to Mr. Lynch's concerns in the case, especially with regard to the representation of the Lincolnton Police Department." Wilson informed the trial court that he was the city attorney but "had no communication or contact with the Police Department concerning this case." Wilson contended that he had represented Defendant to the best of his ability and believed there was no conflict of interest. Wilson told the trial court that "ten years ago . . . maybe longer" he had sought an oral opinion from the State Bar and understood the representation to be appropriate. Wilson further informed the trial court that he had represented Defendant in the past on various minor criminal matters and the possible conflict of interest had not been raised.

The trial court again addressed Defendant directly and asked how long he had "known that Mr. Wilson represents the Lincolnton Police Department." Defendant

could not recall, but admitted that it had been more than one year, and he had not raised the issue previously. When the trial court asked if there had been "anything about this case that makes you believe that Mr. Wilson's representation of the City of Lincolnton has adversely impacted the representation of you in this case," Defendant again expressed concern that he could not receive a fair trial. The trial court asked Defendant if he had any questions he would like to pose to Wilson in open court or under oath; Defendant declined. Likewise, the State declined to question Wilson. Without making any findings of fact or conclusions of law or otherwise ruling on Defendant's objections, the trial court proceeded to hear the jury verdict.

The jury found Defendant guilty of felony assault on a female and attaining habitual felon status. The trial court sentenced Defendant to a term of imprisonment of 89 to 119 months. Defendant gave notice of appeal in open court.

## II. Discussion

Defendant argues on appeal that the trial court failed to conduct an adequate inquiry into his trial counsel's conflict of interest and failed to properly advise Defendant of the consequences of the conflict of interest.

"A criminal defendant subject to imprisonment has a Sixth Amendment right to counsel." *State v. Mims*, 180 N.C. App. 403, 409, 637 S.E.2d 244, 247 (2006). The Sixth Amendment right to counsel applies to the states through the Fourteenth Amendment of the United States Constitution. *State v. James*, 111 N.C. App. 785,

789, 433 S.E.2d 755, 757 (1993). Sections 19 and 23 of the North Carolina Constitution also provide criminal defendants in North Carolina with a right to counsel. *James*, 111 N.C. App. at 789, 433 S.E.2d at 757. "The right to counsel includes a right to 'representation that is free from conflicts of interests.'" *Mims*, 180 N.C. App. at 409, 637 S.E.2d at 248 (quoting *Wood v. Georgia*, 450 U.S. 261, 271 (1981)).

When a defendant fails to object to a conflict of interest at trial, the defendant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *see also State v. Bruton*, 344 N.C. 381, 391, 474 S.E.2d 336, 343 (1996). However, when a trial court is made aware of a possible conflict of interest prior to the conclusion of a trial, "the trial court must 'take control of the situation.'" *James*, 111 N.C. App. at 791, 433 S.E.2d at 758 (citation omitted); *see also State v. Hardison*, 126 N.C. App. 52, 55-56, 483 S.E.2d 459, 461 (1997). Where the trial "court 'knows or reasonably should know' of 'a particular conflict,' that court must inquire 'into the propriety of multiple representation.'" *State v. Choudhry*, 365 N.C. 215, 220, 717 S.E.2d 348, 352 (2011) (quoting *Sullivan*, 446 U.S. at 346-47). The trial court may determine, in its discretion, whether a full-blown evidentiary proceeding is necessary or whether some other form of inquiry is sufficient. *Id.* at 223, 717 S.E.2d at 354. But the inquiry must be adequate "to determine whether there exists such a conflict of interest that the defendant will be

prevented from receiving advice and assistance sufficient to afford him the quality of representation guaranteed by the Sixth Amendment." *Mims*, 180 N.C. App. at 409, 637 S.E.2d at 248 (quotation marks, alterations, and citations omitted). Failure to conduct an adequate inquiry constitutes reversible error. *James*, 111 N.C. App. at 791, 433 S.E.2d at 759.

A conflict of interest arises where "the representation of one client will be directly adverse to another client" or "the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer." N.C. R. Pro. Conduct 1.7(a) (2019). When a conflict of interest arises,

> [c]onfidential communications from either or both of a revealing nature which might otherwise prove to be quite helpful in the preparation of a case might be suppressed. Extensive cross-examination, particularly of an impeaching nature, may be held in check. Duties of loyalty and care might be compromised if the attorney tries to perform a balancing act between two adverse interests.

*James*, 111 N.C. App. at 790, 433 S.E.2d at 758. While a defendant may waive the Sixth Amendment right to conflict-free counsel in certain circumstances, *State v. Nations*, 319 N.C. 318, 326, 354 S.E.2d 510, 515 (1987), some conflicts are deemed to be so fundamental that they may not be waived, *see Wheat v. United States*, 486 U.S. 153, 160, 162-63 (1988) (noting that "courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and

that legal proceedings appear fair to all who observe them" and recognizing the trial court's discretion to decline a defendant's proffered waiver of the right to conflict-free counsel where the trial court finds an actual conflict to be unwaivable).

Though not precedential authority for this Court, North Carolina State Bar ethics opinions "provide ethical guidance for attorneys and . . . establish . . . principle[s] of ethical conduct." 27 N.C. Admin. Code 1D.0101(j) (2019).[3] RPC 73 addresses a factual situation in which a town attorney ("Attorney B") occasionally advised members of the town police department. In its inquiry into whether members of Attorney B's firm could represent criminal defendants in cases in which members of the town police force would be prosecuting witnesses, the Ethics Committee opined, in relevant part:

> Under the facts presented, Attorney B advises the police department and, in effect, represents the policemen. If Attorney B undertakes to represent criminal defendants arrested by town police, he is, in effect, simultaneously representing clients with adverse interests. It is presumed that the conflict created by this simultaneous representation is so fundamental that it cannot be waived by consent of the clients. Further, this disqualification is extended . . . to the other members of the attorney's firm. Therefore, the attorney's associates may not represent criminal defendants who were arrested by members of the police force.

---

[3] Formal ethics opinions adopted under the current Revised Rules of Professional Conduct are designated as "Formal Ethics Opinions," those adopted under the repealed Rules of Professional Conduct are designated as "RPCs." *Id.* Opinions adopted under former rules remain valid unless overruled. *Id.*

> If, however, [the attorney] represents a governing body but does not represent the police department in criminal matters, neither he nor his partners would be disqualified from representing criminal defendants in cases where police officers are prosecuting witnesses.

N.C. RPC 73 (13 April 1990).

We are guided by N.C. RPC 73 and the rationale underpinning it and hold that a conflict of interest that cannot be waived arises where law enforcement officers testify against a defendant and the defendant's appointed counsel also advises the officers' department or its members and, in effect, represents the officers who are prosecuting witnesses against the defendant.

Here, Defendant's objections and Wilson's responses put the trial court on notice of a sufficiently particular possible conflict of interest such that the trial court was obligated to conduct an inquiry. Though the trial court did so, its inquiry was insufficient because it did not determine whether Wilson advised the Lincolnton Police Department and, in effect, represented the police officers who testified against Defendant. When questioned, Wilson admitted that he was the city attorney and indicated that he "had no communication or contact with the Police Department concerning this case." But the trial court failed to determine the extent to which Wilson's role as city attorney required him to advise or represent the Lincolnton Police Department or its individual officers.

Moreover, the trial court impermissibly shifted the responsibility to inquire into the possible conflict to Defendant. *See Choudhry*, 365 N.C. at 224, 717 S.E.2d at 354-55 (holding that an inquiry was insufficient where, inter alia, the trial court primarily questioned only the defendant himself regarding whether he had any concerns pertaining to his representation, whether he was satisfied with the representation, and whether he desired to retain his counsel). The trial court repeatedly asked Defendant whether he had specific concerns regarding his representation; Defendant consistently articulated his worry that he was not receiving a fair trial. The trial court then invited Defendant himself to question Wilson concerning the possible conflict in open court and offered to place Wilson under oath. While Defendant declined, it was apparent that he remained concerned that a conflict of interest was impeding his right to zealous representation.

Additionally, the trial court focused much of its own questioning on how long Defendant had known Wilson was the city attorney and when he had raised his concern, facts immaterial to determining whether an actual conflict of interest existed. *See James*, 111 N.C. App. at 791, 433 S.E.2d at 758 (noting that the trial court's obligation to investigate the conflict arises so long as "the possibility of conflict is raised before the conclusion of trial").

Where, as here, this Court determines that the trial court's inquiry was insufficient, the remedy is to remand to the trial court for a hearing to determine

whether a conflict exists. *State v. Gray*, 225 N.C. App. 431, 438, 736 S.E.2d 837, 842 (2013); *James*, 111 N.C. App. at 791, 433 S.E.2d at 759. Accordingly, we remand to the trial court to make that determination.

Should the trial court determine that Wilson advised or represented the Lincolnton Police Department or its members at any time relevant to this case, Wilson labored under a conflict of interest that could not be waived and Defendant is entitled to a new trial. Should the trial court determine that Wilson did not advise or represent the Lincolnton Police Department or its members at any time relevant to this case, no conflict of interest existed and the judgment entered upon Defendant's convictions shall be left undisturbed.

## III. Conclusion

Because the trial court's inquiry was insufficient, the record lacks key details concerning whether Wilson advised the Lincolnton Police Department or its members and, in effect, represented the law enforcement officers who testified against Defendant. This Court therefore cannot determine whether there was an actual conflict of interest, and we remand this case for further proceedings consistent with this opinion.

REMANDED WITH INSTRUCTIONS.

Judges STROUD and MURPHY concur.